DEBORAH FORD AKA DEBORAH FORD FERGUSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13872

March 31, 1983                                      660 P.2d 992

---

*Wiener, Waldman & Gordon,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In the evening of March 15, 1979, appellant, along with Brian Murphy and Alex Chupa, went to the Sahara Hotel in Las Vegas in order for appellant to lure a male out into the parking lot so that the other two could rob him. While appellant was in the Sahara, appellant met two men: the victim,

Gary Wonnacott, and his friend Richard Gross. After a brief conversation, appellant stated that she had a car out back in the parking lot and suggested that they go someplace for a drink. As they got to the parking lot, Gross remembered that he had had his car valet parked; therefore, he said that he would go get his car and would meet appellant and Wonnacott at Caesar's Palace.

Appellant then led Wonnacott down a row of cars in the Sahara parking lot where Murphy was waiting. Thereafter Wonnacott was robbed and murdered. His body was found lying face down between two parked cars by patrons of the Sahara. He had been shot in the head and a watch and approximately $500 had been removed from his person. Appellant was subsequently charged with and convicted of first degree murder after a jury trial.[1] She was sentenced to life imprisonment with the possibility of parole. We affirm.

On appeal, appellant argues that the district court erred by refusing to give three instructions which she had proffered. The first instruction tendered by appellant which was refused by the lower court provided that mere presence at the scene of the crime does not constitute aiding and abetting. Appellant contends that since the instruction she offered is a correct statement of the law, the trial court erred by refusing to give it. We disagree.

We have consistently held that it is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another instruction given to the jury. Hooper v. State, 95 Nev. 924, 604 P.2d 115 (1979); McKenna v. State, 96 Nev. 811, 618 P.2d 348 (1980). "This is so even though the offered instruction correctly states the law." Roland v. State, 96 Nev. 300, 301, 608 P.2d 500, 501 (1980). Here, the jury was properly instructed regarding aiding and abetting. It is apparent from the record that appellant's proposed instruction was more than adequately covered by another instruction actually given to the jury. Accordingly, the district court did not err by refusing appellant's instruction.

During the trial, Jeffrey Moore[2] testified that about a week after the killing Brian Murphy had told him about the incident in the Sahara parking lot. As a result of this conversation, Moore then asked appellant what happened the night of the shooting; whereupon, appellant stated that she had gone into

---

[1]After plea negotiations, Murphy pleaded guilty to first degree murder.

[2]Jeffrey Moore and his wife, Judith, shared a house with Murphy and Chupa.

the Sahara to bring a guy out to where Murphy was waiting. In addition, appellant told Moore that they got $600 off the victim and had split it three ways. Judith Moore also testified at appellant's trial. Judith stated that she asked appellant "how she could let Brian [Murphy] do something like that," and appellant said that she needed the money to get her car windows tinted. In light of the Moores' testimony, appellant requested an instruction which provided that oral admissions are to be viewed with caution. Such an instruction was ultimately refused by the trial court.

We have previously ruled on the propriety of an instruction of this nature in Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965). There, we held the trial court did not err by refusing to give the requested instruction because such a cautionary instruction is not required by statute nor is it the law of either Nevada or the United States. *Beasley* is dispositive of this issue; thus, we conclude that the trial court did not err by failing to give appellant's proposed instruction.

Appellant was convicted of first degree murder the third time she went to trial on the charge. During the first trial, appellant testified in her own behalf. However, in the instant case, she chose not to testify, but rather chose instead to rely upon the transcript of her testimony in the prior proceeding. In light of these circumstances, appellant requested the following instruction:

> You are instructed that you are not to draw any inference or conclusion from the fact that the defendant did not testify again but rather chose instead to rely upon the transcript of her testimony given in a prior proceeding, and you are to give her testimony the same consideration given to the testimony of any other witness in the case.

In refusing to give this proposed instruction, the district judge noted that he would be willing to give a Carter v. Kentucky, 450 U.S. 288 (1980) type of instruction,[3] but he would not give the instruction in its present form because he believed the last clause of the instruction was in error. After the judge made this comment, appellant's counsel failed to request that a *Carter* instruction be given. Thus, we conclude appellant has waived

---

[3]In *Carter,* the United States Supreme Court held that a state trial judge has a constitutional obligation, upon proper request, to instruct the jury that no negative inference can be drawn from the defendant's failure to testify.

any objection as to this type of instruction. Therefore, the only remaining question is whether the district court erred by refusing to instruct the jury that appellant's testimony should be given the same consideration as that given to any other witness. We conclude that it did not.

In Graves v. State, 82 Nev. 137, 140, 413 P.2d 503, 505 (1966), we held:

> Matters of fact, including the credibility of witnesses, are for jury resolution. For this reason, it is permissible to instruct generally that the jury is the sole judge of the credibility of all witnesses, but impermissible to single out the testimony of one and comment upon its quality or character.

In addition, NRS 175.171 specifically provides that "no special instruction shall be given relating exclusively to the testimony of the defendant." Accordingly, we conclude that the district court did not err by refusing to instruct the jury that the defendant's testimony should be given the same consideration as that given to any other witness. The general instruction on the credibility of all witnesses given in the instant case was more than sufficient.

The next assignment of error raised by appellant is that the district court erred by admitting a hearsay declaration of Brian Murphy. Appellant's argument is meritorious.

During direct examination, Moore testified as to what occurred at the house he shared with Murphy shortly after Moore saw a news bulletin regarding the shooting. When Murphy, Chupa and appellant arrived back at the house, Moore asked them if they had just shot the guy behind the Sahara. Murphy responded in the negative. The prosecutor then asked Moore what prompted him to ask such a question of these three individuals. Moore said the question was prompted by a conversation he had with Murphy approximately two weeks before the shooting incident. Moore was then asked what Murphy had said during that conversation. Appellant's counsel immediately objected on the grounds of hearsay. The district court overruled the objection and allowed Moore to testify as follows:

> Well, he was talking about how he was broke. I told him if he's so broke, to go out and get a job. Then he said to me that it's real easy to go behind a hotel and just rob tourists in the parking lot, that he had done it many times.

Although we agree with appellant that the foregoing testimony

is hearsay, i.e., an out-of-court statement being offered to prove the truth of the matter asserted, we believe that the admission of such testimony constitutes harmless error under the circumstances of this case. For example, appellant testified that she had taken her car to the Sahara and that she had gone into the hotel for the satisfaction of Murphy because he wanted her to lure somebody out. She further admitted that she met the victim and Gross at the Sahara and led them outside to the parking lot. In fact, appellant admitted everything except the actual killing, including the fact that she, along with Murphy and Chupa, left the Sahara together after the shooting and returned to the house shared with the Moores. All of this testimony, combined with the testimony of the Moores (discussed above) and the fact that appellant's fingerprints were found at the crime scene is overwhelming evidence of appellant's guilt, which renders any error harmless. *See* Hendee v. State, 92 Nev. 669, 557 P.2d 275 (1976).

Finally, over appellant's objection, the court gave the following instruction:

> There are certain kinds of murder which carry with them conclusive evidence of malice aforethought. One of these classes of murder is murder committed in the perpetration or attempted perpetration of robbery. Therefore, a killing which is committed in the perpetration or attempted perpetration of robbery is deemed to be murder of the first degree, whether the killing was intentional, unintentional or accidental. The specific intent to perpetrate or attempt to perpetrate robbery must be proven beyond a reasonable doubt.

Appellant contends that this instruction violates NRS 47.230 which sets forth general guidelines as to the presumptions against the accused in criminal cases.[4] We disagree.

---

[4]NRS 47.230 provides in pertinent part:

1. In criminal actions, presumptions against an accused recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this section.

2. The judge shall not direct the jury to find a presumed fact against the accused . . . .

3. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact established guilt or an element of the offense or negative defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

Although it is true that "NRS 47.230(3) expressly provides that instructions dealing with presumptions against the accused must be in permissive terms," Barnett v. State, 96 Nev. 753, 754, 616 P.2d 1107, 1107 (1980), we believe that the instruction in question merely states the law of the felony murder doctrine rather than instructs the jury to find a presumed fact against the accused. In other words, whenever death occurs during the perpetration or attempted perpetration of certain enumerated felonies, our statutes define this as first degree murder. *See* NRS 200.030(1)(b). The felonious intent involved in the underlying felony may be transferred to supply the malice necessary to characterize the death a murder; hence, there is no need to prove or presume the existence of malice aforethought. Therefore, since malice is implied under the felony murder doctrine, the jury need not make an independent finding of malice. We conclude that the instruction given does not violate NRS 47.230.

Finding no error, we affirm the judgment below.