DONALD JAMES CHILDERS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14338

SANDRA KAY STEELE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14552

May 10, 1984                                         680 P.2d 598

*John W. Aebi,* Carson City, for Appellant Donald James Childers.

*Thomas E. Perkins,* Public Defender, and *Laura Fitz-Simmons,* Deputy Public Defender, Carson City, for Appellant Sandra Kay Steele.

*Brian McKay,* Attorney General, Carson City, *Brent T. Kolvet,* District Attorney, and *Stephen C. Balkenbush,* Chief Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Donald James Childers and appellant Sandra Kay Steele were convicted in separate jury trials of the abuse and neglect of a minor child resulting in substantial physical and

mental harm to the child. They seek reversals of their judgments of conviction, claiming that the district judge erred in instructing the jury and in admitting into evidence medical expert testimony. Childers also argues that the evidence is insufficient to prove that the child suffered substantial bodily harm. We disagree and affirm both convictions.

## THE FACTS

Steele and her four-year-old daughter occupied a trailer home with Childers. The record shows that commencing in April 1982 Childers repeatedly and severely spanked the child; that he shook her like a "rag doll", dragged her repeatedly by one arm about the trailer home, administered cold showers to the child, and on one occasion had the child drink shampoo to induce vomiting. Childers admitted many of these acts.

Steele was aware of Childers' treatment of her daughter, but did not interfere. Steele testified that she failed to obtain medical aid for the child because Childers threatened that if she did so, the police would take Steele into custody.

In May 1982 the child was hospitalized and found to be suffering from serious malnutrition and a duodenal hematoma. Her body was covered with bruises.

## THE JURY INSTRUCTION

Childers suggests that the court erred in instructing the jury on the meaning of "willfully" as used in the child abuse statute.[1] We do not agree. The district judge instructed the jury as follows:

---

[1]NRS 200.508 reads:

1. Any adult person who willfully causes or permits a child who is less than 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or who willfully causes or permits a child to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect is guilty of a gross misdemeanor unless a more severe penalty is prescribed by law for an act or omission which brings about the abuse, neglect or danger.

2. A person who violates any provision of subsection 1, if substantial bodily or mental harm results to the child, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years.

3. As used in this section "permit" means permission that a reasonable person would not grant and which amounts to a neglect of responsibility attending the care, custody and control of a minor child:

> The word "willfully", when applied to the intent with which an act is done or omitted, as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate law, or to injure another, or to acquire any advantage.

The instruction was proper. The child abuse statute is a general intent crime. The word "willfully" must be defined in that context. The California courts have long approved the use of this definition of "willfully," which is taken from the California Penal Code Section 7(1).[2] See, e.g., People v. Atkins, 125 Cal.Rptr. 855, 861 (Cal.App. 1975) (approves use under child abuse statute, California Penal Code Section 273d).

## ADMISSIBILITY OF THE EXPERT TESTIMONY

The admissibility of expert testimony, as well as of the qualifications of the expert, lies within the sound discretion of the trial court. Watson v. State, 94 Nev. 261, 264, 578 P.2d 753 (1978). The D.C. Circuit Court of Appeals reversed the exclusion of a psychologist's testimony regarding the defendant's sanity in a criminal case, stating "it is hardly surprising that courts do not exclude all but the very *best* kind of witness. [Citations omitted.] Thus a general practitioner may testify concerning matters within a medical specialty if his education or experience, or both, involves demonstrable knowledge of the subject." Jenkins v. United States, 307 F.2d 637, 643-644 (D.C. Cir. 1962).

The doctor testifying in this case had thirty years experience in pediatrics. He was Chief Resident in Pediatrics in Salt Lake City, Utah. He presently has a private pediatric practice specializing in developmental problems due to psychological, physical and mental learning disabilities. He directs Eagle Valley Children's Home, and formerly directed Sierra Development Center. The district judge did not err in admitting the doctor's testimony.

[2]California Penal Code Section 7(1) provides:

> The word "willfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another or to acquire any advantage. (Deering 1982) (*See also* 1 California Jury Instructions—Criminal No. 1.20 (4th ed. 1979)).

## SUBSTANTIAL BODILY HARM

Appellant Childers alone challenges the sufficiency of the evidence showing that he caused the child substantial bodily harm.

The child suffered a duodenal hematoma which was life-threatening. Two witnesses testified that appellant Childers shook the child like a rag doll while grasping her abdomen. Dr. Good testified that this could have caused the hematoma.

The testimony was undisputed that the child was covered with bruises as the result of beatings by fist, belt and hairbrush. The child had little or no appetite. She was in a state of malnutrition when she arrived at the hospital.

The child required fourteen days hospitalization to recover while the hematoma was in remission. She suffered impairment of her digestive system, and prolonged physical pain, traceable to appellant Childers' acts. *See* State v. Welton, 300 N.W.2d 157, 160 (Iowa 1981) (citing cases wherein injury adequately protracted). We find the evidence sufficient to support the finding that appellant Childers caused the child substantial bodily harm.

Appellant's other contentions of error are meritless. Since we find no error, the convictions are affirmed.