THE STATE OF NEVADA, Appellant, *v.* JULIAN C. CONTRERAS, CLINT GARETT MALONE, ROCKY NEIL BOICE, JR., FREDERICK GENE FRED, LEW ROBERT DUTCHY, JESSICA EVANS, JARON MALONE, ELVIN LEE FRED, SYLVIA JOY FRED, and MICHAEL KIZER, Respondents.

No. 35800

May 15, 2002                                    46 P.3d 661

Shearing, J., with whom Rose and Leavitt, JJ., agreed, dissented.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S. Waters,* District Attorney, and *Matthew L. Jensen,* Deputy District Attorney, Carson City, for Appellant.

*Allison W. Joffee,* Carson City, for Respondent Rocky Neil Boice, Jr.

*Crowell Susich Owen & Tackes,* Carson City, for Respondent Michael Kizer.

*Fred Hill Atcheson,* Reno, for Respondent Frederick Gene Fred.

*John E. Oakes,* Reno, for Respondent Jessica Evans.

*Laurence Peter Digesti,* Reno, for Respondent Clint Garett Malone.

*Loren Graham,* Stateline, for Respondent Elvin Lee Fred.

*Nathan Tod Young,* Minden, for Respondent Lew Robert Dutchy.

*Paul E. Quade,* Reno, for Respondent Sylvia Joy Fred.

*Robert B. Walker,* Carson City, for Respondent Julian C. Contreras.

*Steven L. Sexton,* Reno, for Respondent Jaron Malone.

# OPINION

By the Court, BECKER, J.:

The State appeals from a district court pretrial order granting respondents' motion to dismiss a first-degree felony-murder charge. The district court dismissed that part of the information charging first-degree murder under the felony-murder rule. The district court held that a felony-murder charge is inappropriate when the underlying felony is a burglary committed with the intent to commit a battery. We reverse the district court order.

## FACTS

This case arises out of an incident at the Roundhouse Motel in Carson City on August 23, 1998. Based on the limited record submitted, it appears that prior to the incident resulting in the charged crimes, respondent Evans was involved in a separate altercation at the motel. The police arrived and investigated that incident. Later that evening, apparently in retaliation for the previous altercation, respondent Evans allegedly gathered the other respondents, and they proceeded back to the motel with metal and wooden clubs. Respondents knocked on a motel room door, and

when the door opened, rushed into the room and proceeded to beat Samuel Resendiz and Carlos Lainez. Resendiz died as a result of his injuries.

The State charged respondents with open murder with the use of a deadly weapon, battery with the use of a deadly weapon, burglary, and conspiracy to commit battery. One of the two specified alternatives in the open murder charge was first-degree felony murder. On this charge, the State alleged that the defendants:

> [D]id, acting in concert and by preexisting plan, willfully and unlawfully, with malice aforethought, kill and murder one SAMUEL RESENDIZ, a human being, *during the perpetration of a burglary, by entering a motel room with the intent then and there to apply force and violence with wooden or metal clubs and/or fists* against the person of some or all of the occupants therein.

(Emphasis added.) Respondents filed a motion to dismiss the first-degree felony-murder charge based on the merger doctrine. The district court granted respondents' motion to dismiss the felony-murder charge. The State appeals.

## DISCUSSION

Nevada's statutory scheme has long recognized the felony-murder rule.[1] NRS 200.030(1)(b) defines first-degree felony murder as a murder that is committed in the perpetration or attempted perpetration of certain enumerated crimes, including burglary. The felonious intent involved in the underlying felony is deemed, by law, to supply the malicious intent necessary to characterize the killing as a murder, and because felony murder is defined by statute as first-degree murder, no proof of the traditional factors of willfulness, premeditation, or deliberation is required for a first-degree murder conviction.[2]

In this case, the prosecutor charged both traditional second-degree murder, requiring proof of malicious intent (without premeditation and deliberation), and first-degree felony murder, based on the allegation that the defendants entered the premises "with the intent then and there to apply force and violence" and thereby alleging the felony of burglary. The district court relied on the merger doctrine to dismiss the felony-murder charge, holding that the burglary merged into the homicide because both

---

[1]NRS 200.030(1)(b); *see, e.g., State v. Gray,* 19 Nev. 212, 8 P. 456 (1885) (decision under former similar statute, *cited in* 1 *Compiled Laws of Nevada* § 2323, at 560 (Bonnifield & Healy 1873)).

[2]*Collman v. State,* 116 Nev. 687, 713, 7 P.3d 426, 442 (2000), *cert. denied,* 532 U.S. 978 (2001); *Ford v. State,* 99 Nev. 209, 215, 660 P.2d 992, 995 (1983).

involved the same intent—the defendants' intent to apply force and violence to the victims.

In so holding, the district court relied on the California Supreme Court's decision in *People v. Wilson.*[3] In *Wilson,* the defendant was charged with felony murder based on burglary.[4] The burglary was alleged to have occurred when the defendant broke into his wife's home with the intent to assault her with a deadly weapon.[5] The California court stated:

> [T]he only basis for finding a felonious entry is the intent to commit an assault with a deadly weapon. When, as here, the entry would be nonfelonious but for the intent to commit the assault, and the assault is an integral part of the homicide and is included in fact in the offense charged, utilization of the felony-murder rule extends that doctrine " 'beyond any rational function that it is designed to serve.' " We have heretofore emphasized "that the felony-murder doctrine expresses a highly artificial concept that deserves no extension beyond its required application."[6]

The California court concluded that the purpose of the felony-murder rule, to deter felons from killing negligently or accidentally, was not met when the underlying felony has the same general mental purpose as the homicide—to physically harm the victim.[7] Therefore, in *Wilson,* the California Supreme Court merged the two crimes and held that a felony-murder conviction was not appropriate because the intent in committing the burglary was the same as the intent in committing the homicide.[8]

The California Supreme Court's decision in *Wilson* was an extension of the merger doctrine as previously applied by California and other states. California and many other states have applied the merger doctrine as a limitation on felony murder when a prosecutor has attempted to charge felony murder based on a felonious assault or battery that culminates in a homicide.[9] In these cases, the courts have held that the battery merges into the homicide. Absent such merger, virtually every homicide would be

---

[3]462 P.2d 22 (Cal. 1969).

[4]*Id.* at 27.

[5]*Id.*

[6]*Id.* at 28 (quoting *People v. Phillips,* 414 P.2d 353, 360 & n.5 (Cal. 1966) (quoting *People v. Washington,* 402 P.2d 130, 134 (Cal. 1965)), *overruled on other grounds by People v. Flood,* 957 P.2d 869 (Cal. 1998)).

[7]*Id.*

[8]*Id.* at 28-29.

[9]Robert L. Simpson, Annotation, *Application of Felony-Murder Doctrine Where the Felony Relied upon Is an Includible Offense with the Homicide,* 40 A.L.R.3d 1341, 1345-46 (1971 & Supp. 2001).

felony murder, and the traditional factors of willfulness, premeditation and deliberation would never be required for a first-degree murder conviction.[10] This application of the merger doctrine has not been considered in Nevada because NRS 200.030(1)(b), the felony-murder statute, does not include assault or battery as crimes that support a felony-murder charge.

Not all courts, however, have followed California's approach in felony-murder cases based on burglary with intent to assault. For example, the New York Court of Appeals in *People v. Miller* held that any burglary, including one based on intent to assault, justifies application of the felony-murder rule.[11] The New York court's rationale was that homicide is more likely to result when the assault is committed within the victim's home rather than in the street, even if the criminal intent in both locations is the same.[12] The court stated:

> It should be apparent that the Legislature, in including burglary as one of the enumerated felonies as a basis for felony murder, recognized that persons within domiciles are in greater peril from those entering the domicile with criminal intent, than persons on the street who are being subjected to the same criminal intent. . . . When the assault takes place within the domicile, the victim may be more likely to resist the assault; the victim is also less likely to be able to avoid the consequences of the assault, since his paths of retreat and escape may be barred or severely restricted by furniture, walls and other obstructions incidental to buildings. Further, it is also more likely that when the assault occurs in the victim's domicile, there will be present family or close friends who will come to the victim's aid and be killed. Since the purpose of the felony-murder statute is to reduce the disproportionate number of accidental homicides which occur during the commission of the enumerated predicate felonies by punishing the party responsible for the homicide not merely for manslaughter, but for murder, the Legislature, in enacting the burglary and felony-murder statutes, did not exclude from the definition of burglary, a burglary based upon the intent to assault, but intended that the definition be "satisfied if the intruder's intent, existing at the time of the unlawful entry or remaining, is to commit *any* crime."[13]

This court has not previously ruled on whether the merger doctrine applies where the felony underlying the felony murder is

---

[10]*See People v. Moran,* 158 N.E. 35, 36 (N.Y. 1927).

[11]297 N.E.2d 85, 87-88 (N.Y. 1973).

[12]*Id.* at 87.

[13]*Id.* at 87-89 (footnote and citations omitted).

burglary with the intent to commit battery. This court has traditionally recognized the merger doctrine only when an offense is included within another offense.[14] This court has also refused to apply the merger doctrine in determining whether double jeopardy applies to a prosecution for both felony murder and the underlying felony.[15] NRS 205.070 expressly provides that ''[e]very person who, in the commission of a burglary or invasion of the home, commits any other crime, may be prosecuted for each crime separately.''

Although Nevada's statutory scheme is basically the same as California's, and the purpose of the felony-murder statute has been stated to be the same,[16] we find the reasoning of the New York court on this issue more persuasive. The Nevada Legislature has specifically included burglary as one of the crimes that can escalate a homicide to first-degree murder without the necessity of proving premeditation and deliberation. There is a rational basis for including burglary in the felony-murder statute, even when the criminal intent behind the burglary is assault or battery. In *People v. Wilson,* the California court minimizes the impact of the location of an assault.[17] Yet the likelihood of harm to individuals is greater when they are encountered in a dwelling or an enclosed space where escape or outside intervention is less likely than if they are encountered on the street. In the instant case, it certainly appears that the attack in a motel room held greater risk of homicide for the victims than if they had been outside and better able to escape or receive help.

We do not believe it is appropriate to apply the merger doctrine to felony murder when the underlying felony is burglary, regardless of the intent of the burglary. The legislative language is clear, and we are not persuaded that any policy considerations should override the legislature's determination that burglary should be one of the enumerated felonies appropriate to elevate a homicide to felony murder. We, therefore, hold that the district court was incorrect in dismissing the felony-murder charge against the respondents.

Accordingly, the order of the district court is reversed, and the case remanded for further proceedings consistent with this opinion.

---

[14]*Cf. Barton v. State,* 117 Nev. 686, 30 P.3d 1103 (2001).

[15]*See, e.g., Talancon v. State,* 102 Nev. 294, 721 P.2d 764 (1986); *Koza v. State,* 100 Nev. 245, 681 P.2d 44 (1984); *Brimmage v. State,* 93 Nev. 434, 567 P.2d 54 (1977).

[16]*See Payne v. State,* 81 Nev. 503, 506, 406 P.2d 922, 924 (1965) (citing California law regarding the purpose of the felony-murder rule).

[17]462 P.2d at 28.

Young and Agosti, JJ., concur.

Maupin, C. J., concurring:

I write separately to address a point made by the dissent. The criminal intent and inherent danger underlying battery is, for purposes of merger, indistinguishable from the other felonious predicate crimes of burglary. In my view, the deterrence of accidental or negligent killings by felons is only one of the policies served by the felony-murder rule. To me, the fundamental purpose of the felony-murder rule is to prevent innocent deaths likely to occur during the commission of inherently dangerous felonies.[1]

Indeed, each predicate crime specifically enumerated in Nevada's felony-murder statute,[2] including burglary, is inherently dangerous to human life. This statutory scheme demonstrates a legislative recognition that "[t]he heinous character" of these enumerated felonies "justi[fies] the omission of the requirements of premeditation and deliberation."[3] While a burglary charge may be based upon an intent to commit any felony when entering a structure, the burglary statute specifically includes "assault or battery on any person" as a felony that may underlie a burglary.[4]

Thus, the legislature, when it included burglary as a predicate crime of felony murder, was clearly aware that a burglary charge may be based upon the intent to commit a felonious assault or battery. The legislature, in light of this awareness, did not specifically exclude burglary perpetrated with the intent to commit assault or battery as a basis for felony murder. This, in turn, indicates that the legislature never intended the merger doctrine to operate under such circumstances.

As noted by the majority, other jurisdictions have refused to preclude a felony-murder charge stemming from a burglary the

---

[1]*See, e.g., People v. Washington,* 402 P.2d 130, 139 (Cal. 1965) (Burke, J., dissenting) (recognizing that deterring the undertaking of inherently dangerous felonies is an "equally cogent purpose" of the felony-murder rule); *State v. Williams,* 254 So. 2d 548, 550 (Fla. Dist. Ct. App. 1971) (citing this policy as the "obvious ultimate purpose" of the felony-murder rule).

[2]*See* NRS 200.030(1) ("Murder of the first degree is murder which is: . . . (b) [c]ommitted in the perpetration or attempted perpetration of sexual assault, kidnapping, arson, robbery, burglary, invasion of the home, sexual abuse of a child, sexual molestation of a child under the age of 14 years or child abuse.").

[3]*Payne v. State,* 81 Nev. 503, 506, 406 P.2d 922, 924 (1965).

[4]NRS 205.060(1) provides:

A person who, by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car, with the intent to commit grand or petit larceny, assault or battery on any person or any felony, is guilty of burglary.

predicate crime for which is battery, or assault.[5] These jurisdictions recognize that the legislature, rather than the court, has the authority to determine and define the scope of the felony-murder rule. Here, the Nevada Legislature has specifically included, without restriction, battery as one of the predicate crimes of burglary.

## CONCLUSION

The crime of battery is as inherently dangerous as the other predicate felonies of burglary, if not more so, and the legislature has not created any exceptions to the specifically enumerated felonies that may serve as a predicate for burglary for the purpose of the felony-murder rule. Thus, the majority correctly refrains from judicially creating distinctions between the predicate crimes of burglary for these purposes.

SHEARING, J., with whom ROSE and LEAVITT, JJ., agree, dissenting:

I would affirm the judgment of the district court dismissing the first-degree felony-murder charge. The intent required to make the entry into the motel room a burglary, namely, the intent to apply force and violence to the victims, is the same intent that supports the felony-murder charge. The felony-murder rule raises a homicide to first-degree murder without requiring the State to prove thetraditional first-degree murder elements of willfulness, premeditation, and deliberation. The felonious intent involved in the underlying felony is regarded as sufficient intent to raise the resulting homicide to first-degree murder. When the felonious intent involved in committing the burglary is the same intent involved in the resulting homicide, the felony-murder rule is expanded beyond the reason for its existence.

I agree with the California Supreme Court in *People v. Wilson* when it said:

[T]he only basis for finding a felonious entry is the intent to commit an assault with a deadly weapon. When, as here, the entry would be nonfelonious but for the intent to commit the assault, and the assault is an integral part of the homicide and is included in fact in the offense charged, utilization of the felony-murder rule extends that doctrine " 'beyond any rational function that it is designed to serve.' " We have

---

[5]*See, e.g., People v. Miller,* 297 N.E.2d 85, 88 (N.Y. 1973) (refusing to extend the merger doctrine where "the [l]egislature, in enacting the burglary and felony-murder statutes, did not exclude from the definition of burglary, a burglary based upon the intent to assault"); *People v. Lewis,* 791 P.2d 1152, 1154 (Colo. Ct. App. 1989) ("'[T]here is no logic or reason to preclude a felony murder charge from being based upon a burglary charge that, in turn, is premised upon . . . an intent to assault . . . .'").

heretofore emphasized "that the felony-murder doctrine expresses a highly artificial concept that deserves no extension beyond its required application."[1]

The California court concluded that the purpose of the felony-murder rule, to deter felons from killing negligently or accidentally, is not met when the underlying felony has the same general mental purpose as the homicide—to physically harm the victim.[2] The court went on to say:

In [*People v. Ireland*[3]], we rejected the bootstrap reasoning involved in taking an element of a homicide and using it as the underlying felony in a second degree felony-murder instruction. We conclude that the same bootstrapping is involved in instructing a jury that the intent to assault makes the entry burglary and that the burglary raises the homicide resulting from the assault to first degree murder without proof of malice aforethought and premeditation. To hold otherwise, we would have to declare that because burglary is not technically a lesser offense included within a charge of murder, burglary constitutes an independent felony which can support a felony-murder instruction. . . . [A] burglary based on intent to assault with a deadly weapon is included in fact within a charge of murder, and cannot support a felony-murder instruction.[4]

In *Payne v. State,* this court agreed with California as to the purpose of the felony-murder rule, stating:

The original purpose of the felony-murder rule was to deter felons from killing negligently or accidentally by holding them strictly responsible for the killings that are the result of a felony or an attempted one. *People v. Washington,* 44 Cal.Rptr. 442, 402 P.2d 130 (1965). In the majority of jurisdictions, such a homicide acquires first degree murder status without the necessity of proving premeditation and deliberation. The heinous character of the felony is thought to justify the omission of the requirements of premeditation and deliberation.[5]

Here, when the defendants entered the building with the intent to harm the victims, the purpose of the felony-murder rule was not

[1]462 P.2d 22, 28 (Cal. 1969) (quoting *People v. Phillips,* 414 P.2d 353, 360 & n.5 (Cal. 1966) (quoting *People v. Washington,* 402 P.2d 130, 134 (Cal. 1965)), *overruled on other grounds by People v. Flood,* 957 P.2d 869 (Cal. 1998)).

[2]*Id.*

[3]450 P.2d 580 (Cal. 1969).

[4]*Wilson,* 462 P.2d at 28-29 (citation omitted).

[5]81 Nev. 503, 506, 406 P.2d 922, 924 (1965).

implicated because the subsequent harm to the victims was not negligent or accidental; harm to the victims was the very reason for the defendants' entry into the motel room.

In *Wilson,* the California court reached a similar result, concluding that the felony-murder rule does not apply to a murder that follows from an assault with a deadly weapon.[6] The California court based its decision on the merger doctrine.[7] Although I agree with the California court's conclusion, I do not agree that the merger doctrine applies.

Here, as NRS 205.070 specifically provides, each crime, the burglary and the homicide, can be charged separately. However, because the burglary and the homicide share the same underlying intent, the felony-murder rule should not apply. Application of the rule would bootstrap the homicide into first-degree murder simply because of the location of the homicide. Where, as here, the intent in both the underlying felony and the homicide is the same, application of the felony-murder rule does not further the rule's intended purpose, to prevent accidental or negligent killing, but rather, extends the rule unjustly.

Felony murder itself is an anomaly in that, unlike most felonies, it does not require that the defendant intend the resulting harm; on the contrary, it addresses accidental or unintentional killing. Application of the felony-murder rule when the underlying felony involves the intent to do serious bodily harm defeats the purpose of the rule and unfairly elevates a crime to first-degree murder without requiring the State to prove willfulness, deliberation, and premeditation. The State here has every opportunity to prove second-degree murder.