An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CODIE MICHAEL SCOTT WALKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62271

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

First, appellant Codie Walker contends that insufficient evidence supports his conviction. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Walker was friends with Jamie Butler, Ashton Pacheco, and Jeremie Johnson. After ending a relationship with Pacheco, Butler began a relationship with Walker. Pacheco found out that Walker and Johnson were spending time with Butler and sent her a text message calling Walker and Johnson "lame." Walker and Johnson told Butler that they wanted to fight Pacheco because of the message. Two weeks later, Walker and Johnson visited Butler at her apartment. Butler agreed to watch Walker's dog for the afternoon and Walker and Johnson left. Shortly thereafter, Pacheco arrived. When Walker and Johnson learned that Pacheco was at Butler's apartment, they returned and knocked on her

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11443

door, but she did not answer. Walker sent Butler a text message asking her why Pacheco was there and why she did not answer her door, but again, she did not respond. Later that evening, Walker called Butler and asked if he could pick up his dog; she responded that he could so long as he was "in and out."

Walker and Johnson returned to the apartment while Pacheco was upstairs in Butler's bedroom. When Butler opened the door, Walker and Johnson immediately proceeded upstairs and began "talking trash" to Pacheco. Butler protested, and Walker came down, telling Johnson that they should not fight Pacheco and should just get the dog and leave. Johnson remained upstairs and continued "talking trash." Walker opened the back door to retrieve his dog and it immediately ran upstairs. Johnson shouted either "don't throw [Walker's] dog" or "don't touch [Walker's] dog," and Walker ran upstairs. Walker entered the bedroom with Butler close behind and Butler observed him punch Pacheco several times in the head. Butler intervened, but as Walker exited the room Johnson moved in and punched Pacheco several times before making a stomping motion on his head. Pacheco died the next morning as a result of multiple blunt force trauma injuries of the head, caused by one blow, which propelled the brain into the cranium, or multiple blows.

We conclude that the jury could reasonably infer from the evidence presented that Walker was guilty of first-degree murder because he and Johnson committed burglary and Pacheco died as a result of injuries sustained in the perpetration of that burglary. *See* NRS 195.020 (defining principals); NRS 200.030(1)(b) (murder committed in the perpetration of burglary is first-degree murder); NRS 200.481(1)(a) ("'Battery' means any willful and unlawful use of force or violence upon

the person of another."); NRS 205.060(1) (a person who enters a house with the intent to commit battery is guilty of burglary); *see also Sanchez-Dominguez v. State*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 10, February 27, 2014) (analyzing the meaning of "in the perpetration of"); *see also Anderson v. State*, 121 Nev. 511, 515, 118 P.3d 184, 186 (2005) (Where alternate theories of culpability are presented, "[a] unanimous general verdict of guilt will support a conviction so long as there is substantial evidence in support of one of the alternate theories of culpability."). Whether Walker broke the chain of events flowing from the initial burglary and withdrew from any conspiracy by announcing his intent to leave and going downstairs was a factual determination for the jury to decide, *Payne v. State*, 81 Nev. 503, 507, 406 P.2d 922, 924 (1965), and a jury's verdict will not be disturbed where, as here, it is supported by sufficient evidence, *see Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Second, Walker contends that the district court abused its discretion by denying his motion for a severance because Johnson sent postcards stating that he believed it was his actions which caused Pacheco's death, and the joinder of their cases prevented him from confronting Johnson with the postcards. *See Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002) (severance is warranted where "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence'" (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993))). The district court denied the motion because there was no indication that Johnson would testify on Walker's behalf if the trials were severed and their defenses were not antagonistic, but allowed

Walker to admit the postcards into evidence. *See* NRS 174.165(1) (if it appears a defendant will be prejudiced by joinder, the district court may grant a severance "or provide *whatever other relief justice requires*" (emphasis added)). We conclude that the district court did not abuse its discretion. *See Marshall*, 118 Nev. at 646-47, 56 P.3d at 379 (reviewing a district court's determination as to whether severance is warranted for an abuse of discretion).

Third, Walker contends that the district court erred by denying his motion to set aside the verdict or for a new trial. Because sufficient evidence supports the verdict, we conclude that the district court did not err by denying Walker's motion to set aside the verdict. *See State v. Purcell*, 110 Nev. 1389, 1394, 887 P.2d 276, 278-79 (1994) (a court must set aside the verdict if "the prosecution has not produced a minimum threshold of evidence upon which a conviction may be based"). And because the record supports the district court's determination that there was no conflicting evidence which undermined the jury's verdict, we conclude that the district court did not abuse its discretion by denying Walker's motion for a new trial. *See id.*

Fourth, Walker contends that the application of the felony-murder rule in this case constituted impermissible bootstrapping and produced an absurd result; therefore, he urges this court to revisit its holding in *State v. Contreras*, 118 Nev. 332, 337, 46 P.3d 661, 664 (2002) (rejecting defendant's argument regarding felony murder where the underlying felony is burglary with the intent to commit battery). We decline to do so. NRS 200.030(1)(b) states that first-degree murder encompasses murders committed in the perpetration of burglary, and NRS 205.060(1) states that a person who enters an apartment with the intent

to commit battery is guilty of burglary; "[t]he legislative language is clear, and we are not persuaded that any policy considerations should override the legislature's determination that burglary should be one of the enumerated felonies appropriate to elevate a homicide to felony murder." *Contreras*, 118 Nev. at 337, 46 P.3d at 664; *see also Sanchez-Dominguez*, 130 Nev. at ___, ___ P.3d at ___ (Adv. Op. No. 10 at 13) (the felony-murder rule holds felons "strictly accountable for the consequences of perpetrating a felony, and it is immaterial whether [the] killing is intentional or accidental").

Having considered Walker's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jerome Polaha, District Judge
       Law Office of Thomas L. Qualls, Ltd.
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk