# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENT E. TURNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73520

FILED

APR 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Vincent E. Turner's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Turner argues that the district court erred in denying his petition as procedurally barred without appointing counsel.[1]

Turner filed the underlying petition on April 17, 2017, 16 years after issuance of the remittitur on his direct appeal on September 19, 2000. *Turner v. State*, Docket No. 33967 (Order Dismissing Appeal, August 11, 2000). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, his petition was successive because he had previously filed two postconviction petitions for a writ of habeas corpus in which he asserted the same grounds for relief. *See* NRS 34.810(2); *Turner v. State*, Docket No.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

18-13681

56954 (Order of Affirmance, April 6, 2011); *Turner v. State*, Docket No. 45009 (Order of Affirmance, January 30, 2009). Turner's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause requires Turner to show an impediment external to the defense and to file his claim within a reasonable time of discovering the claim's factual or legal basis. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, because the State specifically pleaded laches, Turner was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Turner argues that the United States Supreme Court's decisions in *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), provided good cause to excuse the procedural bars to his claims regarding the first-degree-murder and aiding-and-abetting jury instructions. Turner argues that retroactive effect should be given to this court's decisions in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). This argument fails because Turner did not raise his claims within a reasonable time. This court has previously recognized that *Byford* was decided before Turner's direct appeal was final and was thus available to support a challenge on direct appeal to the relevant jury instruction used in Turner's trial, while also determining that Turner was not prejudiced by this omission because overwhelming evidence supported his guilt under a theory of felony murder. *Turner*, Docket No. 45009, 15-16 (Order of Affirmance, January 30, 2009). We rejected Turner's claim based on *Sharma* as procedurally barred in 2009 because *Sharma* clarified

existing law rather than announcing a new rule, and "[t]herefore, the legal grounds for Turner's claim were previously available and could have been raised at trial or in his direct appeal." *Id.* at 3-6. This determination is the law of the case and will not be disturbed. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). As a claim based on *Sharma* could have been raised after it was decided in 2002, *Welch* and *Montgomery* do not provide good cause to excuse Turner's 14-year delay. *See also Mitchell v. State*, 122 Nev. 1269, 1276-77, 149 P.3d 33, 38 (2006) (concluding that *Sharma* applied retroactively). Turner has thus failed to demonstrate good cause to overcome the procedural bar. NRS 34.726(1).

Further, Turner has failed to show actual prejudice. As overwhelming evidence supported Turner's first-degree murder conviction under a felony-murder theory, Turner was not prejudiced by the use of jury instructions on premeditation and aiding-and-abetting liability subsequently held to be deficient, as any instructional error was harmless. *See State v. Contreras*, 118 Nev. 332, 334, 46 P.3d 661, 662 (2002) ("The felonious intent involved in the underlying felony is deemed, by law, to supply the malicious intent necessary to characterize the killing as a murder, and because felony murder is defined by statute as first-degree murder, no proof of the traditional factors of willfulness, premeditation, or deliberation is required for a first-degree murder conviction."). And in light of the overwhelming evidence of guilt, Turner has failed to show a fundamental miscarriage of justice to overcome the presumption of prejudice to the State based on laches. *See Mitchell*, 122 Nev. at 1274, 149

P.3d at 36. The district court therefore did not err in denying the petition as procedurally barred.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

cc:    Hon. Elissa Cadish, District Judge
       Vincent E. Turner
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We conclude that the district court did not abuse its discretion in denying Turner's request for the appointment of counsel. *See* NRS 34.750(1).