**Thornton A. JENKINS, Defendant Below, Appellant,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 11, 1968.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for plaintiff below appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is the defendant's second appeal from a conviction of murder. ˙Upon a conviction of murder in the first degree, and the sentence of death imposed thereon, the defendant successfully appealed and obtained a new trial. See Jenkins v. State, Del., 230 A.2d 262 (1967), to which reference is especially made for the factual background of this case. Upon retrial, the defendant was convicted of murder in the second degree and sentenced to life imprisonment. The present appeal is from that conviction.

This appeal is based upon three grounds:

## I.

First, the defendant contends that submission to the jury of the felony-second degree murder issue was prejudicial error

because (1) founded, as it was, upon a burglary of which the defendant had been previously convicted, it subjected the defendant to double jeopardy; (2) the burglary did not involve circumstances foreseeably dangerous to human life; and (3) the jury charge [1] in connection with felony-murder referred to an "attempted burglary", which is a misdemeanor and not a felony.

■ There is an overall answer to these contentions which, in our opinion, renders any error in connection therewith harmless beyond a reasonable doubt:[2] During its deliberations, the jury asked for clarification of the instructions. In response, with the consent of the defendant's attorney, the Trial Court put the following two questions to the jury for special verdict,[3] to supplement the general verdict:

"Do you imply malice from the severity of the fatal attack and beating?

"Do you imply malice as a result of the conclusion that the decedent was killed during and as a result of the perpetration or attempted perpetration of the burglary in the fourth degree under circumstances in which it was reasonably foreseeable that it was dangerous to human life?"

The jury answered both questions in the affirmative. We conclude therefrom that the general verdict of "guilty as charged" and the judgment of conviction thereon must stand, on the basis of the affirmative answer to the first question alone. As a result of that conclusion, any of the asserted errors, relative to the felony-murder aspect of the case, must be deemed not sufficiently prejudicial to constitute reversible error.

Nonetheless, for the enhancement of our discussion of the felony-murder rule in Jenkins v. State, supra, we make brief comment as to the specific errors here asserted.

■ 1) There is no merit in the double jeopardy argument. The felony-murder basis of prosecution for murder may not be ruled out of a case by the fact that the felony component of the doctrine was the subject of an earlier prosecution and conviction.[4]

■ In the instant case, the defendant was charged, tried, and convicted for murder—not burglary.[5] Burglary is not a

---

1. The jury charge in this connection was as follows:

" * * * if after a careful and conscientious consideration of the evidence in this case you are satisfied beyond a reasonable doubt that the accused killed the deceased or participated in the killing of the deceased under the circumstances showing no justification, mitigation or excuse, but that he killed him or participated somehow in the killing unlawfully and cruelly without adequate provocation, that is, with implied malice, your verdict should be guilty of murder in the second degree.

"In the alternative, and after a careful and conscientious consideration of the evidence, you should be satisfied beyond a reasonable doubt that the defendant himself or with another killed the deceased proximately as the result of the perpetration or attempted perpetration of burglary in the fourth degree, and that under the circumstances of this case the alleged burglary or attempted burglary was foreseeably dangerous to human life, your verdict should also be guilty of murder in the second degree.

"I instruct you that you may return a verdict of murder in the second degree under either or both alternatives and I direct you to consider both alternatives in arriving at your decision."

2. Compare Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967).

3. It is unnecessary, in this case, for us to approve or disapprove the special verdict procedure here adopted. But see Rule 31 of Superior Court Criminal Rules, Del. C.Ann. and of Federal Rules of Criminal Procedure; U. S. v. Ogull (D.C. N.Y.) 149 F.Supp. 272 (1957).

4. It is assumed that, as in the instant case, the fact of the earlier conviction of the felony is not communicated to the jury in the murder case.

5. The burglary conviction was included in the earlier appeal, and was affirmed. See 230 A.2d 262, 274–275.

lesser offense included in the greater crime of murder, as the defendant argues. Wholly inapposite are the authorities cited by the defendant regarding the double jeopardy bar of a lesser-included offense in a subsequent prosecution for a greater crime.

■ 2) The question of whether the burglary involved circumstances foreseeably dangerous to human life was properly left to the jury. There was sufficient evidence to warrant making this a jury question, and the Trial Court was correct in so doing. See 230 A.2d 262, 269.

■ 3) It was not error, as the defendant claims, to refer in the jury charge to the "attempted perpetration" of the burglary, and the "attempted burglary", as a possible basis for the operation of the felony-murder rule. In *Jenkins,* we stated that the felony-second degree murder rule shall apply to "homicides proximately caused by the perpetration or attempted perpetration of felonies which are, by nature or circumstances, foreseeably dangerous to human life." The Trial Judge adopted this language in the charge. That the felony-murder rule is applicable to the attempted perpetration of the felony, as well as to the actual perpetration, is beyond question. E. g., 2 Burdick, Law of Crime, § 454, p. 176; 1 Wharton's Criminal Law and Procedure, § 251, p. 541. It is the felonious design imputed from the felony to the homicide that constitutes murder under the rule; and that felonious intention is deemed to have existed, and is thus imputed, whether the felony was actually perpetrated, or was interrupted at the "attempt" stage. 26

Am.Jur. "Homicide" §§ 188, 192. Therefore, although an attempt to commit a felony is a common law misdemeanor (1 Burdick, Law of Crime, Ch. X), a homicide proximately caused by the attempted perpetration of a felony, which is by nature or circumstances foreseeably dangerous to human life, falls nevertheless within the felony-second degree murder rule. There was no error in the jury charge in this respect.

## II.

■ For record purposes, the defendant renews his contention that the rules of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) were applicable to the retrial.

We held against that contention in our earlier decision (230 A.2d 262, 274, 275–276). Since then, the same conclusion has been reached by the Supreme Court of New Jersey in State v. Vigliano, 50 N.J. 51, 232 A.2d 129 (1967), and by the Maryland Court of Special Appeals in Boone v. State, Md. App., 237 A.2d 787 (1968), among others. We adhere to our earlier ruling on this point.

## III.

■ Also, for record purposes, the defendant renews his contention that the search and seizure in this case violated his constitutional rights. We adhere to our earlier rulings on this point. See 230 A.2d 262, 269–271.

Accordingly, the judgment below is affirmed.