COMMONWEALTH *vs.* STEPHEN WOJCIK.

No. 04-P-1673.

Hampden. December 7, 2005. - March 15, 2006.

Present: GREENBERG, DOERFER, & KATZMANN, JJ.

*Felony-Murder Rule. Homicide. Larceny. Attempt.*

A criminal defendant's attempted commission of the crime of larceny over $250 was a proper predicate for his conviction of murder in the second degree on a theory of felony-murder, where the defendant's actions (attempting to defraud an insurance company by intentionally causing an automobile accident, which resulted in the death of another) were committed in a manner that consciously disregarded the risk to human life. [759-763]

INDICTMENTS found and returned in the Superior Court Department on November 19, 1993.

Following review by this court, 43 Mass. App. Ct. 595 (1997), a motion for a required finding of not guilty or new trial, filed on June 5, 2003, was heard by *Peter A. Velis*, J.

*Richard J. Fallon*, for the defendant.

*Brett J. Vottero*, Assistant District Attorney, for the Commonwealth.

KATZMANN, J. Stephen Wojcik was convicted by a jury of murder in the second degree pursuant to the felony-murder rule. His conviction and the denial of his first motion for new trial were affirmed by this court in *Commonwealth v. Wojcik*, 43 Mass. App. Ct. 595 (1997). Wojcik then filed a "Motion for Required Finding of Not Guilty or New Trial." His principal argument was that the evidence was insufficient because, when distilled, the predicate felony — larceny over $250 — which arose from an insurance fraud scheme, was simply a paperwork offense. A Superior Court judge's denial of Wojcik's motion is the subject of the present appeal. We affirm the judge's order.

*Background.*[1] The defendant does not take issue with our prior recitation of the facts. See *id.* at 598-600. In essence, the Commonwealth's evidence showed that Wojcik, a joint venturer with his nephew Robert in an attempt to defraud their insurance company, intentionally caused the rented truck in which they were passengers to strike the automobile of one Paul Langevin. The plan went tragically awry when Langevin's automobile struck a utility pole and he died as a result of his injuries. Pursuant to their scheme, claiming to have been injured during the collision, both Wojcik and Robert submitted insurance claims for medical treatment. Wojcik made claims for over $2,000 in medical bills. Ultimately, these claims were not paid because the relevant insurance policy did not permit payment to individuals who committed fraudulent or criminal acts.

*Discussion.*[2] "[T]he felony-murder rule in the Commonwealth imposes criminal liability for homicide on all participants in a certain common criminal enterprise if a death occurred in the course of that enterprise." *Commonwealth* v. *Matchett*, 386 Mass. 492, 502 (1982), quoting from *Commonwealth* v. *Watkins*, 375 Mass. 472, 486 (1978). To convict on a felony-murder theory at the time of the trial, the Commonwealth was required to prove that (1) Wojcik participated in a felonious enterprise; (2) a homicide occurred during the enterprise; (3) the felony was inherently dangerous to human life or Wojcik committed it with conscious disregard for the risk to human life; (4) the death was the natural and probable consequence of the felony; and (5) the felony was independent of the homicide. *Commonwealth* v. *Chase*, 42 Mass. App. Ct. 749, 754 n.2 (1997).[3]

Claiming that the prosecution did not establish the fifth ele-

[1]In a challenge to a conviction based upon the insufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth. See *Commonwealth* v. *Anderson*, 445 Mass. 195, 200 (2005).

[2]Wojcik did not raise previously — during trial, in his first motion for new trial, or on direct appeal — the issues he now presses. Given this failure, he acknowledges that the standard of review under which his claims are to be assessed is whether there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Randolph*, 438 Mass. 290, 294-295 (2002). For the reasons presented below, we conclude that Wojcik has shown no error which could have caused such a risk.

[3]Several years after the trial, in 1999, the Model Jury Instructions on Homicide modified the elements required to prove felony-murder by exclud-

ment, Wojcik points out correctly that "the conduct which constitutes the felony must be 'separate from the acts of personal violence which constitute a necessary part of the homicide itself.' " *Commonwealth* v. *Quigley*, 391 Mass. 461, 466 (1984), quoting from LaFave & Scott, Criminal Law § 71, at 559 (1972), cert. denied, 471 U.S. 1115 (1985). Contending that the evidence was insufficient to convict him of felony-murder, Wojcik's primary argument is that where the "only risk to human life came from the act of personal violence necessary to the homicide . . . the [underlying] felony [larceny over $250] was not independent" of that act. He maintains that the driving of the truck into Langevin's automobile was the only act of personal violence that constituted the homicide, and was not separate from the underlying crime of attempted larceny. Thus, he argues, a conviction on this view of the facts violates the rule of *Commonwealth* v. *Quigley, supra.* Alternatively, if the deliberate collision with Langevin's automobile is not viewed as part of the attempted larceny, then, Wojcik argues, the underlying felony is reduced to a "paperwork" crime that cannot possibly satisfy the requirement that it be committed with "conscious disregard for the risk to human life."

This argument misapprehends the application of the felony-murder doctrine to the evidence in this case. "The effect of the felony-murder rule is to substitute the intent to commit the

ing elements four and five from the jury instructions. *Commonwealth* v. *Garner*, 59 Mass. App. Ct. 350, 359 & n.8 (2003). Element four was removed because it was, inter alia, "a superfluous addition to the third element of felony-murder." Massachusetts Superior Court Criminal Practice Jury Instructions § 2.3.4, at 2-21 n.2 (1st Supp. 2003). See *Commonwealth* v. *Rolon*, 438 Mass. 808, 818 n.11 (2003). The fifth element, independence of the felony from the homicide, was removed because "[i]n virtually all cases, this is not an issue for the jury; it is an issue of law to be decided by the judge subject, of course, to appellate review." Model Jury Instructions on Homicide 67-68 n.8 (1999), quoted in *Commonwealth* v. *Garner, supra* at 359 n.8. See Massachusetts Superior Court Criminal Practice Jury Instructions § 2.3.4, at 2-21 to 2-22 & n.2 (1st Supp. 2003), and cases cited.

Under the revised model instructions, "the killing must occur 'in connection with the felony and at substantially the same time and place,' and the felony itself must be either inherently dangerous to human life or committed with a conscious disregard for the risk to human life." *Commonwealth* v. *Rolon, supra*, quoting from Model Jury Instructions on Homicide 16, 17-18 (1999). See Massachusetts Superior Court Criminal Practice Jury Instructions 2-27 to 2-29 (1st Supp. 2003).

underlying felony for the malice aforethought required for murder." *Commonwealth* v. *Matchett*, 386 Mass. at 502. "We have never delineated exactly which felonies give rise to application of the rule . . . ." *Id.* at 505. While some felonies are inherently dangerous, the applicability of the felony-murder rule to other statutory felonies, such as property crimes, depends upon the circumstances of the case. See *Commonwealth* v. *Chase*, 42 Mass. App. Ct. at 752. See also *Commonwealth* v. *Garner*, 59 Mass. App. Ct. 350, 357 (2003) (unlawful possession of firearm). As a proxy for inherently dangerous crimes, "the nature of the felony must be such that an intent to commit that crime exhibits a conscious disregard for human life, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty." *Commonwealth* v. *Matchett*, 386 Mass. at 507, quoting from *Commonwealth* v. *Bowden*, 456 Pa. 278, 287 (1973) (Nix, J., concurring). In considering whether an underlying felony that is not inherently dangerous is committed with "conscious disregard for the risk to human life," we thus examine the particular facts of the crime to determine whether it was committed in such a way as to be dangerous to human life. See *Commonwealth* v. *Matchett*, 386 Mass. at 508, citing *Jenkins* v. *State*, 240 A.2d 146 (Del. 1968), aff'd, 395 U.S. 213 (1969) (holding that, in order to convict of second degree felony-murder where a death results from the statutory felony of extortion, the jury must first find that the circumstances of the extortion demonstrated the defendant's "conscious disregard of the risk to human life"); *Commonwealth* v. *Ortiz*, 408 Mass. 463, 467 (1990).

Wojcik's conduct satisfies the requirements of the felony-murder rule. To be sure, larcenies typically do not involve placing others at physical risk, and Wojcik's insurance fraud scheme need not have done so. Wojcik and his nephew, however, sought to defraud an insurance company by intentionally causing an automobile accident, crashing a large truck into an oncoming vehicle. Wojcik planned and attempted to commit larceny over $250 in a manner that consciously disregarded the risk to human life. Contrary to Wojcik's characterization, this scheme amounted to far more than a "paperwork" offense, and was of a far different tenor. Indeed, given Wojcik's disregard for the

lives of other drivers and passengers, his conviction was "entirely consistent with the rationale underlying the felony-murder rule, which seeks 'to reduce the disproportionate number of accidental homicides which occur during the commission of the . . . predicate felonies . . . .' " *Commonwealth* v. *Claudio*, 418 Mass. 103, 108 (1994), quoting from *People* v. *Miller*, 32 N.Y.2d 157, 161 (1973).

Wojcik also claims that because larceny, without more (that is, without special circumstances), is not a felony, attempted larceny cannot be the underlying felony for felony-murder; that is to say, an attempted larceny cannot be an attempted felony. What he cannot overcome is that larcenies with certain special circumstances (of relevance here, those of over $250) are felonies. G. L. c. 266, § 30. We also note that the Commonwealth specified larceny over $250 in its bill of particulars. Wojcik acknowledges that, in referring to a prior version of the statute, albeit in passing, we have already deemed "larceny over one hundred dollars,[4] committed or attempted," to be a sufficient predicate for felony-murder. *Commonwealth* v. *Walker*, 17 Mass. App. Ct. 194, 196-197 (1983). We are not persuaded by his claim that such a categorization was in error. See *Commonwealth* v. *Ambers*, 370 Mass. 835, 839-840 (1976). In any event, given the judge's correct instruction, the jury found (by necessary implication) that Wojcik committed the homicide with the specific intent to commit a felony — larceny over $250 — even if he was not able to complete the felony. The felony-murder doctrine applies when a death occurs "in the course of a felony or *attempted* felony" (emphasis added). *Commonwealth* v. *Matchett*, 386 Mass. at 505. That the larceny over $250 was not completed is of no moment, notwithstanding the fact that the crime of attempted larceny is a misdemeanor. G. L. c. 274, § 6. See, e.g., *Jenkins* v. *State*, 240 A.2d at 149 ("It is the felonious design imputed from the felony to the homicide that constitutes murder under the [felony-murder] rule; and that felonious intention is deemed to have existed, and is thus imputed, whether the felony was actually perpetrated, or was interrupted at the 'attempt' stage. . . . Therefore, although an attempt to commit a felony is a . . . misdemeanor . . . a

---

[4]Now $250. See St. 1987, c. 468, § 1.

homicide proximately caused by the attempted perpetration of a felony, which is by nature or circumstances foreseeably dangerous to human life, falls nevertheless within the felony-second degree murder rule"). The attempted commission of larceny over $250 was thus a proper predicate for a felony-murder conviction.

*Order denying second motion*
*for new trial affirmed.*