Jasen, J.
The issue presented upon this appeal is whether a burglary based upon the crime of assault can properly serve as the predicate for a felony-murder conviction.
On the morning of October 25, 1970, the defendant knocked on the door of an apartment directly below his own apartment. When Robert Pennell, one of the occupants, opened the door, the defendant, armed with a butcher knife and a spray can, sprayed at Fennell’s face and then stabbed him in the arm. As Fennell backed away, the defendant followed him into the apartment, continuing to spray and stab him. As Fennell tripped and fell to the floor, he shouted to his roommate, Rasul Aleem, to help him. When Aleem responded to Fennell’s call and attempted to aid him, the defendant turned and stabbed Aleem in the chest, killing him.
Defendant was indicted for the crimes of felony- and common-law murder of Aleem and attempted murder of Fennell, and was convicted, upon a jury trial, of the felony murder of Aleem, manslaughter in the second degree under the common-law murder count of the indictment, and assault in the first degree under the attempted murder count of the indictment.
The Trial Judge set aside the felony-murder conviction on the ground that the People had not established the commission of the alleged predicate felony — burglary. The Appellate Division affirmed, with one Justice dissenting. From this order the People appeal.
*159 Both the trial court and the majority at the Appellate Division took the position, and the defendant so argues, that the crime of assault, not burglary, was the underlying felony upon which the felony-murder conviction stood, and that since assault is not one of the predicate felonies enumerated in the felony-murder statute, the conviction of felony murder should not be permitted to stand.
The felony-murder statute (Penal Law, § 125.25, subd. 3) includes, in its list of predicate felonies, the crime of burglary. To establish the crime of burglary, it must be shown that the defendant ‘ ‘ knowingly enters or remains unlawfully in a building [1] with intent to commit a crime therein.” (Penal Law, § 140.20.)
The People’s evidence, if believed, established that the defendant went to Pennell’s apartment uninvited and armed with a butcher knife and spray can; that when the apartment door was opened, he lunged across the threshold, sprayed Fennell with a choking gas, and attacked him with the knife; and that when Aleem came to Fennell’s aid, the defendant fatally stabbed him. We deem this evidence to be legally sufficient for the jury to find that the defendant committed the crime of burglary by knowingly entering unlawfully Fennell’s apartment with the intent to assault Fennell. Clearly, had there been no homicide, but merely an unlawful entry by defendant into Fennell’s apartment with the intent to assault Fennell, the crime of burglary would have been committed. Thus, since the defendant killed Aleem in the course of and in furtherance of his commission of burglary, the requirements of the felony-murder statute are satisfied.
Defendant would have us extend the merger dqctrine to the facts of this case with the result that neither the assault on Fennell, nor the assault on Aleem, could, for the purposes of the felony-murder statute, be Used as the intended crime element of burglary. The considerations which prompted our court to announce the merger doctrine do not justify its extension here. We developed this doctrine to remedy a fundamental defect in the old felony-murder statute (Penal Law of 1909, § 1044). Under that statute, any felony, including assault, could be the *160 predicate for a felony murder. Since, a fortiori, every homicide, not excusable or justifiable, occurs during the commission of assault, every homicide would constitute a felony murder.
This defect was remedied by the Legislature in 1965 by including in the revised Penal Law a list of specified felonies — all involving violence or substantial risk of physical injury—as the-only felonies forming a basis for felony murder.[2] The legislative purpose for this limitation was ‘ ‘ to exclude from felony murder, cases of accidental or not reasonably foreseeable fatality occurring in an unlikely manner in the course of a non-violent felony.” (Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., vol. 39, p. 236.)
It should be apparent that the Legislature, in including burglary as one of the enumerated felonies as a basis for felony murder, recognized that persons within domiciles are in greater peril from those entering the domicile with criminal intent, than persons on the street who are being subjected to the same crimina:! intent. Thus, the burglary statutes prescribe greater punishment for a criminal act committed within the domicile than for the same act committed on the street. Where, as here, the criminal act underlying the burglary is an assault with a dangerous weapon, the likelihood that the assault will culminate in a homicide is significantly increased by the situs of the assault. When the assault takes place within the domicile, the victim may be more likely to resist the assault; the victim is also less likely to be able to avoid the consequences of the assault, since his paths of retreat and escape may be barred or severely restricted by furniture, walls and other obstructions incidental to buildings.[3] Further, it is also more likely that when the assault occurs in the victim’s domicile, there will be present family or close *161 friends who will come to the victim’s aid and he killed. Since the purpose of the felony-murder statute is to reduce the disproportionate number of accidental homicides which occur during the commission of the enumerated predicate felonies by punishing the party responsible for the homicide not merely for manslaughter, but for murder (see Model Penal Code, Tent. Draft No. 9, pp. 37, 38), the Legislature, in enacting the burglary and felony-murder statutes, did not exclude from the definition of burglary, a burglary based upon the intent to assault, but intended that the definition be “ satisfied if the intruder’s intent, existing at the time of the unlawful entry or remaining, is to commit any crime ”. (Denzer and McQuillan, Practice Commentary, McKinney’s Cons. Laws of N. Y., vol. 39, p. 355; emphasis supplied.)
Accordingly, the order of the Appellate Division should be reversed, the verdict reinstated, and the case remitted to the trial court for sentencing.

. “ Building ” is defined to include an apartment -within a building. (Penal Law, § 140.00, subd. 2.)

. The list of specified felonies is: robbery, burglary, kidnapping, arson, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, escape in the first or second degree. (Penal Law, § 125.25, subd. 3.)

. The facts of People v. Wilson (1 Cal. 3d 431), a case whose reasoning and holding we reject, illustrate this point. The victim and several other persons were present in the victim’s apartment. The victim heard the assailant break into the apartment building vestibule, whereupon she called the police and attempted unsuccessfully to load a pistol. The assailant then broke into the apartment and ordered everyone but the victim to leave, while the victim sought refuge in the bathroom. The assailant shot the bathroom door oft its hinges, walked into the bathroom, and shot the victim to death.