Willie BETHEA, Petitioner–Appellant,

v.

Charles SCULLY, Superintendent, Greenhaven Correctional Facility, Respondent–Appellee.

No. 325, Docket 87–2142.

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1987.

Decided Nov. 19, 1987.

Howard Friedman, The Legal Aid Soc., New York City (Philip L. Weinstein, of counsel), for petitioner-appellant.

Sherry Chase-Conant, Asst. Dist. Atty., Kings County, N.Y. (Elizabeth Holtzman, Dist. Atty., Kings County, Barbara D. Underwood, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before FEINBERG, Chief Judge, NEWMAN and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Willie Bethea appeals from an order of the United States District Court for the Eastern District of New York, Charles P. Sifton, J., which denied Bethea's petition for habeas corpus. Bethea claims his convictions in state court for felony murder were unconstitutional because punishing him as a murderer is fundamentally unfair when the felony underlying each conviction required proof of only reckless rather than intentional misconduct. For reasons set forth below, we do not agree, and we affirm the decision of the district court.

## I. Background

The facts leading to this appeal can be succinctly stated. In April 1979, a fire in a New York City apartment building killed two people: a 74–year–old woman and her two-year-old granddaughter. Willie Bethea was arrested two days later and indicted on two counts of felony murder based on his having committed arson in the fourth degree.

Under New York law, a person is guilty of felony murder (one of the types of second-degree murder) when he commits or attempts to commit, among other listed crimes, "robbery, burglary, kidnapping, arson, [or] rape ... and in the course of and in furtherance of such crime ... he ... causes the death of a person," N.Y. Penal Law § 125.25(3) (McKinney 1987), and is guilty of fourth-degree arson "when he recklessly damages a building ... by intentionally starting a fire." N.Y.Penal Law § 150.05(1) (McKinney Supp.1987). "Reckless" action is action taken when a defendant "is aware of and consciously disregards a substantial and unjustifiable risk" that a particular result will occur, provided the risk is "of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." N.Y.Penal Law § 15.05(3) (McKinney 1987).

During Bethea's jury trial in the New York Supreme Court, Kings County, the state argued that Bethea, angered that someone had broken into his mailbox and stolen his welfare check, set fire to his mattress, and after his attempts to extinguish the blaze failed, left the building without sounding the alarm, and walked past a fire station without notifying the fire department. The jury found Bethea guilty on both counts, and he was sentenced to two concurrent terms of 25 years to life in prison, which he is now serving. The Appellate Division affirmed without opinion, 94 A.D.2d 982, 463 N.Y.S.2d 665 (1983), and the New York Court of Appeals denied leave to appeal, 60 N.Y.2d 589, 467 N.Y.S.2d 1035, 454 N.E.2d 130 (1983).

In July 1986, Bethea, represented by counsel, filed a petition for habeas corpus with the United States District Court for the Eastern District of New York. Judge Sifton denied the petition in February 1987, and this appeal followed.

## II. Discussion

### A. *Jurisdiction and Standard of Review*

At the outset, we note that the state, citing *People v. Iannelli*, 69 N.Y.2d 684, 512 N.Y.S.2d 16, 504 N.E.2d 383 (1986), desultorily argues that Bethea waived his constitutional claim by not raising it at trial. We assume that the state is obliquely arguing that *Wainwright v. Sykes*, 433

U.S. 72, 87–91, 97 S.Ct. 2497, 2506–09, 53 L.Ed.2d 594 (1977), strips us of jurisdiction to consider Bethea's constitutional claim because Bethea's failure to raise that claim at trial violated state procedural rules, thereby providing an independent and adequate state ground for the Appellate Division's affirmance. However, we have previously held that "if the prosecutor does not raise the procedural point [in state court], and if the [state] court gives no indication that it is relying on it, then the federal claim is open for our consideration." *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.), cert. denied, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). This is such a case, since the Appellate Division wrote no opinion and since, as the parties apparently agree, the state's brief in that court made no mention of procedural default. We therefore conclude that we have jurisdiction over this appeal, and turn to its substance.

Bethea argues that his convictions and sentence were unconstitutional. Although he does not clearly state which provisions are violated, we construe his argument as raising fifth, eighth, and fourteenth amendment claims. As we understand him, Bethea makes two claims: that the Constitution forbids punishing as a murderer any felon guilty of a crime involving only recklessness, and that the punishment exacted in this case is excessive.

Bethea's argument is premised on reading the New York arson statute to require only a reckless state of mind. To support this reading, Bethea cites the practice commentaries and notes that New York does not recognize attempted fourth-degree arson, apparently on the theory that one cannot attempt to be reckless. Judge Sifton, however, disagreed and found that Bethea was not punished for purely reckless conduct because the crime "does contain an intent element": intentionally lighting a fire. We are not sure it is fruitful to try to isolate the key state of mind of a crime requiring two mental states—intent to start a fire and recklessness in damaging a building. Cf. *Liparota v. United States*, 471 U.S. 419, 423 n. 5, 105 S.Ct. 2084, 2087 n. 5, 85 L.Ed.2d 434 (1985). In any event,

we need not decide the matter because we find Bethea's constitutional argument unpersuasive even assuming that the statute's gravamen is recklessness.

The standard for reviewing Bethea's claim that a reckless arsonist may not be convicted of murder is the same under either the due-process clause or the eighth amendment. We start with the proposition that "preventing and dealing with crime is much more the business of the States than it is of the Federal Government ... and that we should not lightly construe the Constitution so as to intrude upon the administration of justice by the individual States." *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986) (quoting *Patterson v. New York*, 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977)). Thus, a state's decision will not be overturned unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* (quoting *Speiser v. Randall*, 357 U.S. 513, 523, 78 S.Ct. 1332, 1341, 2 L.Ed.2d 1460 (1958)). Several factors are usually used to help reveal which principles of justice are fundamental to our nation. History helps show whether a rule is "rooted in the traditions," see *Mullaney v. Wilbur*, 421 U.S. 684, 692–96, 95 S.Ct. 1881, 1886–88, 44 L.Ed.2d 508 (1975), and the practices of the various states help determine what lies in the "conscience of our people," see *In re Winship*, 397 U.S. 358, 361–62, 90 S.Ct. 1068, 1071–72, 25 L.Ed.2d 368 (1970). The severity of the burden that the challenged rule places on a defendant and the state interest furthered by the rule are also important, see *Patterson v. New York*, 432 U.S. 197, 209, 97 S.Ct. 2319, 2326, 53 L.Ed. 2d 281 (1977).

### B. *Recklessness and Felony Murder*

■ Bethea claims, essentially, that predicating a felony murder conviction on a felony requiring only a reckless mens rea violates fundamental principles of justice. A major flaw in this argument is that the law has long punished reckless conduct as

murder, and such rules do not violate the conscience of our people.

At common law, a defendant could be convicted of murder even if he intended to inflict only serious bodily harm or if he exhibited a "depraved heart," which in modern codes is usually described as reckless murder. For example, in New York a defendant is guilty of second-degree murder (the same degree as felony murder) if "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." N.Y.Penal Law § 125.25(2) (McKinney 1987). Historically, then, murderers could be convicted even if they did not intend to kill their victims, and most would agree that this practice does not offend the Constitution.

Bethea, however, was not charged with being reckless with regard to life but with being reckless regarding the burning of a building. We recognize that recklessness as to property is not the same as recklessness as to life, but under the circumstances here we do not think the difference amounts to a breach of a fundamental principle of justice. It is not unreasonable for New York to punish severely those who consciously ignore the risk of burning a building, since fires often kill people, see Inciardi, Arson: Behavioral and Economic Aspects, in 1 Encyclopedia of Crime and Justice 79 (1983) (estimating at least 1,000 deaths and 3,000 injuries each year), perhaps more often than do some other predicate felonies. See U.S. Dep't of Commerce, Statistical Abstract of the United States, Table 267 (1987) (in 1983, 1.6% of 18,673 murders occurred during sex offenses). Indeed, at common law, arson was not viewed as a property crime but an offense against habitation since it was "frequently more destructive than murder itself, of which too it is often the cause ... [since]

fire too frequently involves in the common calamity persons unknown to the incendiary." Blackstone, Commentaries, Book IV, Chap. XVI. Setting fire to a mattress in an occupied tenement and walking away without calling the fire department exhibits the same depraved indifference to human life as shooting into a crowd, the archetype of reckless murder. See Model Penal Code § 210.2 comment 4 (1980). It is even possible that Bethea could have been convicted of second-degree murder under a recklessness theory, had the prosecutor so charged, since Bethea stated that he knew the building was occupied and that the occupants might be hurt by the fire. He told the police that he set the fire "to teach them [his neighbors] a lesson by giving them some trouble like they have been giving me." Thus, we think it can fairly be said that the conscience of the community is not offended by punishing this sort of behavior as murder.

We could stop here, but Bethea recasts his objection in other ways that deserve a response. He argues that predicating felony murder on a reckless crime departs from the historical underpinnings of felony murder, runs counter to the general practice of the states, and violates New York's interest in proportionality.[1] We find none of these arguments persuasive.

Bethea's argument from history is that since felony-murder convictions have historically been predicated only on intentional felonies, his conviction is unconstitutional.[2] We have several problems with this argument. First, scholars disagree on the doctrine's roots, rationale, and development, see Roth & Sundby, The Felony–Murder Rule: A Doctrine at Constitutional Crossroads, 70 Cornell L.Rev. 446 (1985), and we are loath to rely heavily on an ambiguous historical record. Second, it is far from certain that the record supports Bethea. For example, at common law *any* felony

---

1. Bethea also argues that New York law requires that only intentional felonies underly felony-murder charges, but as the state points out in its brief, the New York courts ruled on this question by affirming Bethea's convictions, and we may not substitute our view of their law.

2. Bethea apparently does not argue that all felony murder is unconstitutional. See *Lockett v. Ohio*, 438 U.S. 586, 602, 98 S.Ct. 2954, 2963, 57 L.Ed.2d 973 (1978); *Guam v. Root*, 524 F.2d 195 (9th Cir.1975), cert. denied, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976).

could be the basis of a felony-murder conviction, W. LaFave & A. Scott, Jr., Criminal Law 545 (1972), and New York did not abolish that rule until 1965, when it adopted the current scheme of enumerating felonies. *People v. Miller*, 32 N.Y.2d 157, 344 N.Y.S.2d 342, 297 N.E.2d 85 (1973). Additionally, the punishment for arson was death by burning, R. Perkins, Criminal Law 173 (1957), a punishment far more severe than twenty-five years to life imprisonment. Moreover, Bethea might have been guilty of felony murder even at common law; his reckless acts might have constituted common-law arson since someone who intentionally set fire to the contents of a building may be guilty of arson "[i]f he acted with reckless indifference as to whether the building would be ignited." A. Curtis, A Treatise on the Law of Arson 82 (1936) (citations omitted). Finally, the legal landscape has changed dramatically since felony murder developed. At least some theorists suggest, for example, that felony murder was created to punish attempted felonies resulting in death, since attempts were not felonies at common law, and that the felony-murder rule mattered little if the felony were completed because all felonies were punishable with death. Roth & Sundby, supra, at 450. Today, of course, attempts are often felonies, the death penalty is rarer, and many more felonies exist. Thus, although the history of felony murder is fascinating, it implies little about the doctrine's constitutional acceptability today.

Bethea's argument from general practice is not compelling. According to his brief, 32 of the 47 jurisdictions with felony-murder rules list as felony-murder predicates only arson that requires either intent or its substantial equivalent. The other side of this coin, however, is that about one-third of the jurisdictions agree with New York that such laws do not violate fundamental principles of justice. And there is no indication that even those states that have changed the rule have done so because they regarded it as unconstitutional, as distinguished from unwise. We do not believe that such statistics require us to hold the rule unconstitutional.

Bethea also argues that punishing reckless arsonists as murderers violates New York's own interest in proportionality because felons reckless with regard to property are less serious than felons reckless with regard to human life. In principle, we agree that property crimes are less culpable than crimes against people, but because arson often results in death, especially in crowded tenements, we are not persuaded that New York's decision is so out of line with principles of proportionality as to be unconstitutional.

■ Finally, apparently as a variation of his proportionality argument, Bethea claims that the statute as applied to him resulted in an unconstitutionally harsh sentence. The eighth amendment, in rare instances, forbids courts from imposing unduly long prison terms, but "[i]n view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *United States v. Ortiz*, 742 F.2d 712, 714 (2d Cir.) (quoting *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983)), cert. denied, 469 U.S. 1075, 105 S.Ct. 573, 83 L.Ed. 2d 513 (1984).

Bethea has not shown that his sentence is unconstitutionally severe. Although he received the maximum prison time, his crime—setting a fire in an apartment house—evinces a despicable disregard for human life. Bethea was aware that many people could be hurt in the fire—indeed, he intended to give them some "trouble"—but he nonetheless went ahead with his plan for revenge against the unknown pilferer. Although there might be some fourth-degree arsonists for whom a minimum of twenty-five years imprisonment would be unconstitutionally harsh, cf. *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), Bethea is not one of them.

For the reasons given above, we are not persuaded that Bethea's convictions were unconstitutional. The order of the district

court denying the petition for habeas corpus is affirmed.