PARIENTE, J.
The issue in this case is whether the merger doctrine precludes a first-degree felony-murder conviction predicated on a single act of aggravated child abuse that caused the child’s death. In Sturdivant v. State, 84 So.3d 1044 (Fla. 1st DCA 2010), the First District Court of Appeal certified to this Court a question as one of great public importance, asking whether this Court’s decision in Brooks v. State, 918 So.2d 181 (Fla.2005), precludes a felony-murder conviction in such a situation, notwithstanding the language of the felony-murder statute.[1]
We rephrase the certified question as follows: *436 Based upon legislative intent as evidenced by the plain language of the felony-murder statute, we hold that the merger doctrine does not preclude a felony-murder conviction predicated upon a single act of aggravated child abuse that caused the child’s death. Accordingly, we answer the rephrased certified question in the negative, recede from Brooks to the extent that it holds to the contrary, and quash the First District’s decision below.
*435 DOES THE MERGER DOCTRINE PRECLUDE A FELONY-MURDER CONVICTION UNDER SECTION 782.04(l)(a)2., FLORIDA STATUTES (2007), THAT IS PREDICATED UPON A SINGLE ACT OF AGGRAVATED CHILD ABUSE THAT CAUSED THE CHILD’S DEATH?
*436 FACTS AND BACKGROUND
The felony-murder statute in Florida provides that first-degree murder includes: “The unlawful killing of a human being ... [w]hen committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any ... [a]ggravated child abuse....” § 782.04(l)(a)2.h., Fla. Stat. (2007). In this case, Sturdivant “was indicted by a grand jury for first-degree felony murder and aggravated child abuse. As to the felony-murder charge, the indictment alleged that [Sturdivant] killed the victim while committing aggravated child abuse by slapping the [two-year-old] victim into a wall. The allegation was the same for the aggravated child abuse charge.” Sturdivant, 84 So.3d at 1044. In light of the Brooks decision, the State out of an abundance of caution also filed an information charging second-degree murder on the same allegation as had been made in the indictment. The first-degree and second-degree murder cases were consolidated. Id.
At trial, the State “played for the jury a portion of a statement made by [Sturdi-vant] in which [he] said that he had slapped the two-year-old victim, who was standing on a coffee table, on the back of the head with such force that the victim fell, hitting his head on the concrete wall.” Id. The medical examiner testified that Sturdivant’s “version of what had happened was consistent with the findings on autopsy, and that the force of the slap to the back of the victim’s head would have been sufficient to cause death.” Id.
Following the trial, the jury returned verdicts finding Sturdivant guilty of first-degree felony murder, second-degree murder, and aggravated child abuse.[2] At sentencing, Sturdivant was adjudicated guilty of first-degree murder and aggravated child abuse. Id. at 1045. The trial court sentenced him to life imprisonment without the possibility of parole for the first-degree murder conviction and to thirty years’ imprisonment for the aggravated child abuse conviction. Because of double jeopardy concerns, Sturdivant was not adjudicated guilty of, or sentenced for, second-degree murder. Id.
On appeal, Sturdivant argued that he could not be convicted of both the first-degree felony murder and the underlying felony of aggravated child abuse because of the merger doctrine. After examining *437 this Court’s decision in Brooks, in which a majority of the Court held that it was error to convict Brooks of felony murder based on the predicate felony of a single act of aggravated child abuse, the First District held that in this case, “[bjecause it is clear that the child victim died as the result of a single blow from [Sturdivant], we are constrained to reverse [Sturdi-vant’s] convictions.” Id. at 1048. The First District then certified to this Court the question of whether Brooks precludes a conviction for felony murder based on the predicate offense of aggravated child abuse when the abuse consists of a single act, despite the language of section 782.04(l)(a)2., the felony-murder statute. Id.
ANALYSIS
In Brooks v. State, 918 So.2d 181, 198 (Fla.2005), a majority of this Court concluded that when a felony-murder conviction is predicated upon a single act of aggravated child abuse that causes the child’s death, the underlying felony of aggravated child abuse based on that single act merges with the homicide. We begin our analysis by examining the merger doctrine, which is a doctrine of statutory construction designed to effectuate legislative intent. Then, we examine the relevant portions of the felony-murder statute to discern the legislative intent. We conclude that where the underlying felony has been explicitly enumerated by the Legislature as one upon which a felony-murder conviction can be based, the underlying felony and the homicide do not merge. To hold otherwise would do violence to legislative intent as evidenced by the plain language of the felony-murder statute. Accordingly, we recede from Brooks to the extent that it holds to the contrary.

The Merger Doctrine

The merger doctrine is a principle of statutory construction rather than a principle of constitutional law.[3] The origins of the merger doctrine have been explained as follows:
Conceived in the nineteenth century, the merger doctrine was developed ... as a shorthand explanation for the conclusion that the felony-murder rule should not be applied in circumstances where the only underlying (or “predicate”) felony committed by the defendant was assault. The name of the doctrine derived from the characterization of the assault as an offense that “merged” with the resulting homicide.
State v. Godsey, 60 S.W.Sd 759, 774 (Tenn.2001) (quoting People v. Hansen, 9 Cal.4th 300, 36 Cal.Rptr.2d 609, 885 P.2d 1022, 1028 (1994), overruled on other grounds by People v. Sarun Chun, 45 Cal.4th 1172, 91 Cal.Rptr.3d 106, 203 P.3d 425 (2009)). With respect to the merger doctrine being one of preserving legislative intent, the Tennessee Supreme Court has explained:
Courts have generally declined to hold that the merger doctrine implicates any principles of constitutional law. Instead, courts have viewed the merger doctrine as a principle for preserving legislative intent and, more specifically, as a principle that preserves “some meaningful do *438 main in which the Legislature’s careful graduation of homicide offenses can be implemented.”
Id. (citations omitted) (quoting Hansen, 36 Cal.Rptr.2d 609, 885 P.2d at 1028). The court observed that “[t]he doctrine has been applied largely in those states where the felony murder statute fails to specifically list the felonies capable of supporting a felony murder conviction.” Id. at 774-75.
In a prior decision, this Court also recognized this distinction. In Robles v. State, 188 So.2d 789, 792 (Fla.1966), this Court distinguished between a felony-murder statute that provided that “any” felony could serve as a basis for felony murder and an enumerated felony-murder statute, such as Florida’s. In that case, the defendant asserted that the facts of the case— where the victim was killed during the course of a burglary — were not appropriate for the application of the felony-murder rule. Id. at 791. The defendant directed the Court’s attention to a line of New York cases holding that the felony-murder rule does not apply unless the felony is separate and independent from the homicide and where the underlying felony is not separate and independent, the underlying felony and the homicide merge. Id. at 792. This Court disagreed, noting the difference between the general catchall felony-murder statute in New York and the enumerated felony-murder statute in Florida, which listed burglary as an offense on which felony-murder can be predicated:
As appellant acknowledges, the concern of the New York court, which was to preserve the integrity of the statutory degrees of homicide, resulted from the fact that the statute of that state makes a homicide committed in the perpetration of any felony first degree murder. Since the phrase “any felony” is broad enough to include even the aggravated assault that is usually involved in any homicide, the result would be that substantially every homicide would constitute first degree murder.
It was to avoid this result that the New York court adopted the doctrine that the supporting felony had to be independent of the homicide....
It is obvious that the problem that motivated the New York court to adopt the above rule cannot exist under a statute like Florida’s, which limits the felony-murder rule to homicides committed in the perpetration of specified felonies, not including assault in any of its forms.
Id. (second emphasis added) (citation omitted). Accordingly, this Court concluded that the concern motivating the New York courts — preserving the integrity of statutory degrees of homicide — did not compel the same result in Florida.[4]

*439
Florida’s Felony-Murder Statute

Because the merger doctrine is a principle of statutory construction, our analysis focuses on legislative intent. This is because “[a] court’s purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction.” Larimore v. State, 2 So.3d 101, 106 (Fla.2008). “As with any case of statutory construction, [the Court must] begin with the ‘actual language used in the statute.’ ” Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006)). “This is because legislative intent is determined primarily from the statute’s text.” Id. Accordingly, we begin our discussion of the felony-murder statute with an examination of the statute’s language. Because the question before this Court is a purely legal one that includes issues of statutory interpretation, this Court’s review is de novo. See Sanders v. State, 35 So.3d 864, 868 (Fla.2010) (“Pure questions of law are subject to de novo review.”); State v. Burris, 875 So.2d 408, 410 (Fla.2004) (stating that a “question of statutory interpretation is subject to de novo review”).
Florida’s felony-murder statute specifically lists the underlying offenses that can justify a conviction for first-degree felony murder. See § 782.04(l)(a)2., Fla. Stat. Aggravated child abuse is one of the enumerated felonies in the statute. The felony-murder statute provides that first-degree murder includes: “The unlawful killing of a human being ... [w]hen committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any ... Aggravated child abuse....” § 782.04(l)(a)2.h., Fla. Stat. Aggravated child abuse is defined as follows:
“Aggravated child abuse” occurs when a person:
(a) Commits aggravated battery on a child;
(b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
(c) Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.
§ 827.03(2), Fla. Stat. (2007). The statute defines “maliciously” as follows:
For purposes of this section, “maliciously” means wrongfully, intentionally, and ■without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.
§ 827.03(4), Fla. Stat.[5]
Sturdivant argues that the merger doctrine should apply in his ease, which would preclude his felony-murder conviction being based on aggravated child abuse consisting of a single violent act.[6] Howev *440 er, we note that the merger doctrine “has been applied largely in those states where the felony murder statute fails to specifically list the felonies capable of supporting a felony murder conviction. Where a ‘legislature explicitly states that a particular felony is a predicate felony for felony-murder, no “merger” occurs.’ ” Godsey, 60 S.W.3d at 774-75 (footnote omitted) (quoting State v. Lopez, 174 Ariz. 131, 847 P.2d 1078, 1089 (1992)); see also Lopez, 847 P.2d at 1089 (“Even those states that follow the merger doctrine recognize that, if the legislature explicitly states that a particular felony is a predicate felony for felony-murder, no ‘merger’ occurs.”). Here, the Florida Legislature has specifically listed aggravated child abuse as a predicate offense that will support a conviction for first-degree felony murder. Accordingly, we conclude that the merger doctrine does not apply where the underlying felony is the enumerated felony of aggravated child abuse.[7]
Further, the plain language of the felony-murder statute makes no distinction between cases involving single or multiple acts of aggravated child abuse. Rather, the statute clearly encompasses those situations involving a single act of aggravated child abuse by providing that a felony-murder conviction may be predicated upon “any ... Aggravated child abuse.” § 782.04(l)(a)2.h., Fla. Stat. (emphasis added). After examining the language of the statute, we conclude that the Florida Legislature has unambiguously indicated its intent to elevate the punishment to that of first-degree murder in situations wherein the death of a child is caused by even a single act of aggravated child abuse.

Receding from Brooks

Having examined the merger doctrine and discerned the legislative intent from the plain language of the statute, we now turn to our consideration of the Brooks decision and whether to recede from it. When considering whether to recede from precedent, this Court has explained: “The doctrine of stare decisis counsels us to follow our precedents unless there has been ‘a significant change in circumstances after the adoption of the legal rule, or ... an error in legal analysis.’ ” Rotemi Realty, Inc. v. Act Realty Co., 911 So.2d 1181, 1188 (Fla.2005) (quoting Dorsey v. State, 868 So.2d 1192, 1199 (Fla.2003)). “Fidelity to precedent provides stability to the law and to the society governed by that law. However, the doctrine does not command blind allegiance to precedent. Stare decisis yields when an established rule of law has proven unacceptable or unworkable in practice.” State v. Green, 944 So.2d 208, 217 (Fla.2006) (citations and internal quotation marks omitted).
In Brooks, the defendant was convicted of two counts of first-degree murder for the murder of Rachel Carlson and her three-month-old daughter; he was sentenced to death for both murders. 918 So.2d at 186. Brooks was not charged *441 with aggravated child abuse; however, the trial court found as an aggravating circumstance that “the murder occurred during the commission of the felony of aggravated child abuse.” Id. at 187. Brooks argued on appeal that the trial court erred by finding that he committed the murders during the course of a felony (aggravated child abuse) and then by applying the aggravating circumstance based on the aggravated child abuse. Id. at 197. He contended that “because the single act of stabbing [the child] formed the basis of both the aggravated child abuse aggravating factor under section 921.141(5)(d) of the Florida Statutes and the first-degree felony murder charge, the court should have found that the aggravated child abuse allegation ‘merged’ with the more serious homicide charge.” Id. A majority of the Court concluded that the aggravated child abuse based on a single stab wound would merge with the homicide. Id. at 198-99; id. at 217 (Pariente, J., concurring in part and dissenting in part). In so holding, the per curiam opinion, in which two Justices concurred, relied upon this Court’s prior decision in Mills v. State, 476 So.2d 172, 177 (Fla.1985), wherein the Court held that an aggravated battery conviction (which is not an enumerated felony in the felony-murder statute) and a homicide conviction, both based on a single gun blast, merged into one criminal act. Brooks, 918 So.2d at 198 (per curiam op.).
Justice Lewis concurred in part and dissented in part, writing separately to express his disagreement with “the majority’s determination that aggravated child abuse was not available for consideration in the instant matter because Brooks inflicted only one lethal stabbing blow on the infant’s body.” Id. at 217 (Lewis, J., concurring in part and dissenting in part). Justice Lewis stated that the result “contravenes the plain language of the felony murder statute and is directly contrary to the Legislature’s intent in amending that statute to include the felony of aggravated child abuse as a basis for application of the doctrine of felony murder and as a factor to be weighed in aggravation in the sentencing determination.” Id. Justice Lewis also discussed why reliance on Mills was misplaced. See id. at 218-20. With respect to the underlying felony in Mills, he explained in relevant part:
At the time of our decision in Mills, as well as currently, aggravated battery of an adult cannot serve as the basis for a felony murder conviction or be applied as an aggravating factor during the course of a sentencing determination. ... By law, however, aggravated battery of a child can serve as the basis for a felony murder conviction ..., regardless of whether a single act of violence constituted both the abuse and resulted in the death of the child.
Id. at 220.
In light of the nature of the merger doctrine and the plain language of the Florida felony-murder statute, we agree with Justice Lewis’s dissent in Brooks that the holding was contrary to the plain language of the statute and legislative intent. Thus, we recede from Brooks to the extent it holds that felony murder cannot be predicated upon a single act of aggravated child abuse. See Dorsey, 868 So.2d at 1199 (stating that stare decisis will yield “when there has been an error in legal analysis”). The Brooks decision created a distinction not contemplated by the Legislature— whether the underlying felony of aggravated child abuse consists of a single act or multiple acts.
Further, we recognize that Brooks improperly extended and relied upon Mills. The Court in Mills concluded that it did not “believe that the legislature intended dual convictions for both homicide and the lethal act that caused the homicide [aggravated battery] without causing additional *442 injury to another person or property.” Mills, 476 So.2d at 177. Accordingly, based on legislative intent, the Mills Court concluded that “[i]n this limited context” the aggravated battery and the homicide “merged into one criminal act” and therefore vacated the sentence and conviction for aggravated battery. Id. However, the underlying felony in Mills was aggravated battery, a felony not enumerated in the felony-murder statute.[8] The Brooks Court reasoned that “aggravated child abuse is an aggravated battery, the only difference being that the victim is a child.” Brooks, 918 So.2d at 198. However, this reasoning failed to recognize that aggravated battery is not listed in the felony-murder statute, whereas aggravated child abuse is clearly enumerated in the statute.
CONCLUSION
For the foregoing reasons, we hold that the merger doctrine does not preclude a felony-murder conviction predicated upon a single act of aggravated child abuse that caused the child’s death since aggravated child abuse is an enumerated underlying offense in the felony-murder statute. Therefore, we answer the rephrased certified question in the negative, recede from Brooks to the extent that it holds to the contrary, and quash the First District’s decision below.
It is so ordered.
CANADY, C.J., and LEWIS,
POLSTON, LABARGA, and PERRY, JJ., concur.
QUINCE, J., dissents with an opinion.

. Specifically, the First District asked:
DOES BROOKS v. STATE, 918 So.2d 181 (Fla.2005), PRECLUDE A CONVICTION FOR FELONY MURDER BASED ON THE PREDICATE OFFENSE OF AGGRAVATED CHILD ABUSE WHEN THE ABUSE CONSISTS OF A SINGLE ACT, NOTWITHSTANDING THE LANGUAGE OF SECTION 782.04(l)(a)2.h„ FLORIDA STATUTES (2007)?
Sturdivant, 84 So.3d at 1049. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

. The jury was instructed on aggravated child abuse as follows:
To prove the crime of aggravated child abuse the State must prove the following two elements beyond a reasonable doubt. First, Robert Nathan Sturdivant willfully tortured Isaiah Howard or maliciously, punished Isaiah Howard. And second, Isaiah Howard was under the age of 18 years.
"Willfully” means knowingly, intentionally and purposefully.
"Maliciously” means wrongfully, intentionally and without legal justification or excuse.
Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.
Child abuse means an intentional act that could reasonably be expected to result in physical or mental injury to a child.

. The merger doctrine is distinct from double jeopardy, which is a constitutional principle. However, this Court has made it clear that there is no double jeopardy concern with dual convictions for aggravated child abuse and felony murder. Lukehart v. State, 776 So.2d 906, 922 (Fla.2000) ("[W]e find Lukehart's argument that double jeopardy principles prohibit the dual convictions of felony murder and aggravated child abuse to be without merit.... This issue was recently addressed by the Third District Court of Appeal.... Judge Cope wrote for the court: 'Simply put, [a] defendant can be convicted of both felony murder and the qualifying felony because the felony murder statute says so.’" (quoting Green v. State, 680 So.2d 1067, 1068 (Fla. 3d DCA 1996))).

. New York subsequently amended its felony-murder statute to enumerate specific felonies, and New York courts have since declined to extend the merger doctrine in light of this amendment:
The considerations which prompted our court to announce the merger doctrine do not justify its extension here. We developed this doctrine to remedy a fundamental defect in the old felony-murder statute. Under that statute, any felony, including assault, could be the predicate for a felony murder. Since, a fortiori, every homicide, not excusable or justifiable, occurs during the commission of assault, every homicide would constitute a felony murder.
This defect was remedied by the Legislature in 1965 by including in the revised Penal Law a list of specified felonies — all involving violence or substantial risk of physical injury — as the only felonies forming a basis for felony murder.
People v. Miller, 32 N.Y.2d 157, 344 N.Y.S.2d 342, 297 N.E.2d 85, 87 (1973) (citation omitted).

. When the Legislature added aggravated child abuse to the felony-murder statute, see ch. 84-16, § 1, Laws.of Fla., aggravated child abuse was defined as follows:
Whoever:
(1) Commits aggravated battery on a child;
(2) Willfully tortures a child;
(3) Maliciously punishes a child; or
(4)Willfully and unlawfully cages a child shall be guilty of a felony of the second degree....
§ 827.03, Fla. Stat. (1983). The current provision specifying the types of aggravated child abuse was adopted in 1996. See ch. 96-322, § 8, Laws of Fla.

. Sturdivant does not challenge the underlying aggravated child abuse conviction in this Court.

. The State proposes, as an alternative, that this Court narrow the application of the felony-murder statute in aggravated child abuse murders to "prototypical child abuse murders”; that is, where a caregiver "punishes a child to death.” The State bases this argument on the legislative history of the felony-murder statute. We decline to consider such a construction because "[w]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Koile v. State, 934 So.2d 1226, 1230-31 (Fla.2006) (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005)). Further, this Court has "decline[d] to add words to a statute where ... the language is clear and unambiguous.” State v. Burris, 875 So.2d 408, 414 n. 2 (Fla.2004) (quoting Overstreet v. State, 629 So.2d 125, 126 (Fla.1993)).

. The holding in Mills that the aggravated battery, a wow-enumerated felony, merges with the homicide is consistent with the reasoning of this case as well as the reasoning of other states applying the merger doctrine where the felony-murder statutes do not enumerate specific predicate felonies. See, e.g., Commonwealth v. Gunter, 427 Mass. 259, 692 N.E.2d 515, 525 (1998) (holding that where statute provided that a murder committed in the commission or attempted commission of a life felony was first-degree murder, acts constituting the underlying felony must be separate from the acts that were a necessary part of the homicide itself and reasoning that "[wjere felonious assault sufficient to support a conviction of murder in the first degree, the distinctions among homicides would be rendered meaningless: all murders in the second degree and manslaughters could be enhanced to murder in the first degree based on the felony-murder theory with assault as the underlying felony.”); State v. Campos, 122 N.M. 148, 921 P.2d 1266, 1271-74 (1996) (holding that because New Mexico felony-murder statute did not enumerate predicate felonies, the predicate felony could not be a lesser-included offense of second-degree murder, reasoning that this holding was necessary in order to avoid improperly elevating the vast majority of second-degree murders to first-degree murders by charging the underlying assaul-tive act as the predicate felony).