BILBREY, J.,
concurs in result.
If not bound by Lee v. State, 223 So.3d 342, 2017 WL 2374401 (Fla. 1st DCA June 1, 2017) (en banc), I would respectfully adhere to my dissent and Judge Makar’s dissent in Lee and would find a double jeopardy violation here.[4] I would submit that the burden of proof when double jeopardy is properly raised in the trial court' should be on the State. I would also respectfully submit that we should look to the allegations in the information where, as here, the proof at trial was not clear that the acts forming the basis of the charges were distinct. Traveling to meet a minor to engage in sexual conduct in violation of section 847.0135(4)(a), Florida Statutes, and solicitation of a child for unlawful sexual conduct after using computer services in violation of 847.0135(3)(a), are “the same for purposes of the Blockburger same-elements test.” State v. Shelley, 176 So.3d 914, 919 (Fla. 2015). Because of how the case was charged, and without a special verdict form, we do not know that the jury did not use the same act of solicitation to convict the Appellant for violating section 847.0135(3)(a) and to satisfy the solicitation ' element under section 847.0135(4)(a). However, I am now bound by the en banc majority’s decision in Lee. See Sturdivant v. State, 84 So.3d 1044 (Fla. 1st DCA 2010), rev’d on other grounds, 94 So.3d 434 (Fla. 2012). I therefore concur in the majority opinion to affirm on all grounds ineluding the claimed double jeopardy violation.

. The double jeopardy issue concerns only case 2012-CF-430. The conviction in case 20Í2-CF-462 was not challenged on appeal based on double jeopardy grounds.