[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10379
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00039-WFJ-PRL

DAVID J. TATARA,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 17, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

David Tatara, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Tatara argued that the Double Jeopardy Clause of the Fifth Amendment barred the trial court from submitting to a jury the charge of second-degree murder as a lesser-included offense after determining that Florida could not prove the predicate felony of aggravated child abuse for first-degree murder. Because the "state courts are the final arbiters of state law" concerning lesser-included offenses, *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005), and the continuation of Tatara's prosecution was not contrary to nor involved an unreasonable application of clearly established federal law, we affirm.

Tatara's conviction stemmed from the death of fifteen-month-old B.R. A grand jury in Florida indicted Tatara on two counts of child abuse, Fla. Stat. § 827.03(3)(b), one count of aggravated child abuse for "maliciously punishing" B.R. by "willfully committ[ing] child abuse upon him by inflicting severe trauma to his head" and "causing him to suffer great bodily harm," *id.* § 827.03(2)(b), (e), and one count of first-degree murder for killing B.R. "while engaged in . . . [the] felony . . . of aggravated child abuse . . . by inflicting blunt force trauma to his head," *id.* § 782.04(1)(a)2. The trial court severed Tatara's two counts of child abuse for a separate trial, and the state later *nol prossed* the two charges.

2

During Tatara's trial, Dr. Barbara Wolf, the state medical examiner, testified that B.R. was a victim of homicide caused by blunt force trauma to his head. Dr. Wolf observed an abrasion on the back of B.R's head, a laceration on the tip of his tongue, and that he was missing one of his front teeth. Dr. Wolf discovered that B.R. had a fracture near the bottom of his skull in an area of the occipital bone that was not susceptible to fracture. And her autopsy revealed that B.R. had a subgaleal hemorrhage, his brain had swelled to the point of bulging and caused his skull sutures to widen, he had a small subdural hematoma and a subarachnoid hemorrhage, he had bled on both sides of his optic nerve, and he had retinal hemorrhages. Under cross-examination, Dr. Wolf acknowledged that she could not determine whether B.R. suffered more than one blow to the head because "when injuries are localized in one area, there's no way . . . [to] tell if someone, for example, was hit in the same area once or multiple times."

After the state rested, Tatara moved for a judgment of acquittal. Tatara argued that the evidence of a single blow to B.R.'s head was insufficient to convict him of aggravated child abuse and that he could not be convicted of the underlying felony and first-degree murder under the merger doctrine. *See Brooks v. State*, 918 So. 2d 181 (Fla. 2005), *receded from in Sturdivant v. State*, 94 So. 3d 434, 436 (Fla. 2012) ("hold[ing] that the merger doctrine does not preclude a felony-murder conviction predicated upon a single act of aggravated child abuse that caused the

child's death"). The trial court reserved ruling on Tatara's motion. But during a conference on jury instructions, the trial court stated that it was "inclined to grant the JOA" on first-degree murder.

Tatara renewed his motion for an acquittal at the conclusion of the evidence. The trial court "granted the Motion for Acquittal on the first-degree felony murder" and ruled that the jury could "consider second-degree murder and child abuse." Next, the trial court determined that the abuse merged into the homicide and that it would submit the case to the jury on "second-degree murder and any lessers of second degree." The parties agreed to modify the jury instructions, and the trial court stated that he would instruct the jury that they would "not be considering first-degree murder or aggravated child abuse," to "disregard the charges read from the indictment" about those two offenses, and to consider only "second-degree murder and the lessers of second-degree murder."

The state prepared a "dummy" information that charged Tatara with second-degree murder for "unlawfully, by an act imminently dangerous to another, and evincing a depraved mind, regardless of human life, although without any premeditated design, kill[ing] [B.R.] . . . by inflicting blunt force trauma to his head, in violation of Sec. 782.04(2), *Fla. Stat.*" Tatara objected to the "dummy" information and argued that he had not been arraigned on second-degree murder and that jeopardy had already attached. The trial court overruled the objection with

the explanation that some of the jury instructions "[did not] make sense" without giving the jury a charging document.

The jury convicted Tatara of second-degree murder. Later, the trial court sentenced Tatara to imprisonment for life and entered a judgment of not guilty on the charge of aggravated child abuse. Tatara appealed, and the state court affirmed his conviction summarily. *Tatara v. State*, 119 So. 3d 1265 (Fla. Dist. Ct. App. 2013).

Tatara filed a motion for postconviction relief, which the state court denied. *See* Fla. R. Crim. P. 3.850. The state court rejected Tatara's argument that the trial court violated the prohibition against double jeopardy by continuing his prosecution after it granted his motion for a judgment of acquittal. The state court ruled that the trial court acquitted Tatara only of first-degree murder, that second-degree murder was a permissive, as opposed to a necessary, lesser-included offense on which the state could continue its prosecution, and that the trial court did not acquit Tatara of aggravated child abuse because it had merged into the offense of second-degree murder. The state court also rejected Tatara's argument that using the "dummy" indictment violated his double-jeopardy rights because the indictment was used solely as an aid for the jury, not as a new or amended charging document, and it accurately stated the charge against Tatara after the trial court acquitted him of first-degree murder. The state appellate court affirmed

summarily the denial of postconviction relief. *Tatara v. State*, 200 So. 3d 74 (Fla. Dist. Ct. App. 2016).

Tatara filed a federal petition for a writ of habeas corpus in the district court. *See* 28 U.S.C. § 2254. He argued that the state court ruled contrary to and unreasonably applied *Evans v. Michigan*, 568 U.S. 313 (2013), by determining that his acquittal for first-degree murder did not bar his continued prosecution. The district court denied Tatara's argument on the merits and then denied his application for a certificate of appealability.

We issued a certificate of appealability to address "whether [Tatara's] second-degree murder conviction violated the Double Jeopardy Clause." We review *de novo* the rejection of Tatara's argument in his petition for a writ of habeas corpus. *See Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). Our review is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996, which "establishes a highly deferential standard for reviewing state court judgments." *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). Under the Act, a federal court may not grant a state prisoner a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects a defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense in one proceeding. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). Tatara's argument concerns the first of the three protections.

Tatara argues that his continued prosecution after the trial court declared an "acquittal" on the charge of first-degree murder violated his double-jeopardy rights and that the decision of the state courts was contrary to and an unreasonable application of clearly established precedents that bar retrial after an acquittal. For the decision to fall within the "contrary to" clause of section 2254(d), the state courts had to reach "a conclusion opposite to that reached by the Supreme Court on a question of law" or to "decide[] a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Pittman*, 871 F.3d at 1244 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (alterations adopted). To constitute an "unreasonable application" of clearly established federal law, the state courts must have "identifie[d] the correct governing legal principle from the Supreme

7

Court's decisions but unreasonably applie[d] that principle to the facts." *Id.* at 1246 (quoting *Williams*, 529 U.S. at 413) (alteration adopted).

The state courts did not reach a conclusion contrary to clearly established federal law. The decisions cited by Tatara, *Evans*, 568 U.S. 313, *Smith v. Massachusetts*, 543 U.S. 462 (2005), and *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977), involve a second prosecution for or a resumed prosecution of an offense for which a defendant had been acquitted. Tatara underwent a single trial in which the state convicted him of a lesser-included charge of second-degree murder after the trial court acquitted him of first-degree murder.

The Double Jeopardy Clause does not bar a defendant from being convicted of a lesser-included offense in a single prosecution. *See Ohio v. Johnson*, 467 U.S. 493, 501 (1984) ("declin[ing] to hold" that "a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded"). Tatara's trial did not have to terminate upon being acquitted of first-degree murder because the trial court did not "rul[e] that the prosecution's proof [was] insufficient to establish criminal liability for an offense." *Evans*, 568 U.S. at 318. The trial court acquitted Tatara of first-degree murder because the state could only prove that he inflicted a single

8

blow to B.R.'s head and then determined that the state could continue its prosecution based on the lesser-included offense of second-degree murder.

That determination was consistent with Florida law, which allows a jury to consider lesser-included offenses not charged in an indictment. Florida Rule of Criminal Procedure 3.490 provides that, "[i]f the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence." And in Florida, the felony murder statute divides the offense into degrees and identifies aggravated child abuse as a predicate offense for felony murder. *See* Fla. Stat. § 782.04(1)(a); *Sturdivant*, 94 So. 3d at 440 (holding that a felony murder conviction can be based on aggravated child abuse consisting of a single violent act). That the state prepared the "dummy" information to describe the lesser-included offense did not affect a change in the criminal proceeding. Florida Rule of Criminal Procedure 3.400(a)(1) gives the trial court discretion to provide the jury "a copy of the charges against the defendant" during deliberations, and submission of the "dummy" indictment to the jury aided it in resolving whether Tatara was guilty of second-degree murder. It was not unreasonable for the state courts to conclude that the continuation of Tatara's trial based on the lesser-included offense of second-degree murder did not violate his double-jeopardy rights.

Tatara argues that the state courts erred by classifying second-degree murder as a permissive lesser-included offense of first-degree murder, by misapplying the doctrine of merger, and by amending his indictment in violation of state law, but we must defer to the rulings of the state courts on those issues. "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Callahan*, 427 F.3d at 932 (quoting *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005)) (alterations adopted). A writ of habeas corpus may issue only to address a violation of the laws, treaties, or Constitution of the United States, not an error of state law. 28 U.S.C. § 2254(d); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

We **AFFIRM** the denial of Tatara's petition for a writ of habeas corpus.